101 N.J. Super. 259 (1968)
244 A.2d 139
JENNIE TANCREDI, PLAINTIFF-RESPONDENT,
v.
VINCENT TANCREDI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1968.
Decided June 6, 1968.
*260 Before Judges SULLIVAN, FOLEY and LEONARD.
*261 Mr. George E. Sabbath argued the cause for defendant-appellant (Messrs. Saltzman and Swartz, attorneys).
Mr. Hillard Chapnick argued the cause for plaintiff-respondent (Messrs. Krugman, Chapnick, Grimshaw & Dubow, attorneys).
PER CURIAM.
The Superior Court, Chancery Division, entered judgment against defendant for support arrearages in the sum of $30,240 and also directed him to pay plaintiff $20 per week for support and maintenance. From these rulings defendant appeals.
The parties were married in 1919 and divorced in 1949. By the terms of the divorce judgment defendant was required to pay $40 per week for the support of plaintiff and a child of the marriage.
On or about December 15, 1966 plaintiff proceeded against defendant upon a complaint and order to show cause. She sought a judgment for the total amount of arrearages allegedly due her under the 1949 divorce decree and an order requiring defendant to pay her support and maintenance. Defendant filed a crossmotion to eliminate the provisions for support and maintenance from the original divorce judgment.
The enforcement, collection, modification and extinguishment of unpaid arrearages of support and maintenance payments are matters always addressed to sound discretion. Each case demands careful examination and weighing of all its essential facts. Liss v. Liss, 19 N.J. Super. 358, 361 (App. Div. 1952); Federbush v. Federbush, 5 N.J. Super. 107, 110 (App. Div. 1949); Madden v. Madden, 136 N.J. Eq. 132 (E. & A. 1945). If it appears that the wife has maintained herself for a considerable period of time without receiving the judicially prescribed support, equitable considerations dictate whether, and to what extent, the defending husband should be forced to pay arrearages. Madden, supra, at p. 136.
*262 Here the trial court heard and determined these matters upon numerous lengthy affidavits filed by and on behalf of the respective parties. The affidavits submitted were contradictory on, inter alia, the following pertinent issues: (1) whether defendant ever made any payments to plaintiff pursuant to the 1949 judgment; (2) whether plaintiff supported herself since 1954, when she contends defendant terminated his payments; (3) why plaintiff waited 12 years before asserting her legal rights to the support arrearages; (4) whether the parties, prior to the 1949 divorce, entered into a binding agreement that defendant was to transfer certain assets to plaintiff in lieu of support, and whether pursuant to that agreement he assigned and transferred to her cash and other assets, and (5) what is the present financial status of the parties?
The trial court upon the affidavits submitted resolved the above-noted conflicts in plaintiff's favor and found that "plaintiff is entitled under equitable principles to the relief which she is seeking." In so doing, it abused its discretion.
Although a trial court may hear and decide a motion or an order to show cause exclusively upon affidavits, it should not do so when the affidavits show, as they do here, that there is a genuine issue as to material facts. See R.R. 4:44-4 and R.R. 4:85-5. Where the disposition of such proceedings hinges upon factual issues and credibility is involved, the court should, in the exercise of the discretion conferred by the aforementioned rules, take oral testimony. See Romano v. Maglio, 41 N.J. Super. 561, 573 (App. Div. 1956), certification denied 22 N.J. 574 (1956), certiorari denied 353 U.S. 923, 77 S.Ct. 682, 1 L.Ed.2d 720 (1957). "Only by such procedure can a court make certain that it has fully explored the issue and correctly adjudged it. `Cross-examination is the most effective device known to our trial procedure for seeking the truth.' * * *" First National Bank of Freehold v. Viviani, 60 N.J. Super. 221, 225 (App. Div. 1960). The fact that counsel "waived oral testimony" should not deter the court from so proceeding.
*263 Thus, under the circumstances here present, we conclude that this matter should be reversed and remanded for a plenary hearing.
No costs.