113 N.J. Super. 205 (1971)
273 A.2d 389
CLAIRE M. HALLBERG, PLAINTIFF-RESPONDENT,
v.
STEPHEN HALLBERG, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 19, 1971.
Decided January 28, 1971.
*206 Before Judges KILKENNY, HALPERN and LANE.
Messrs. Kronman & Osofsky, attorneys for appellant (Mr. Robert M. Kronman, of counsel).
Mr. Thomas L. Zimmerman, attorney for respondent.
The opinion of the court was delivered by LANE, J.A.D.
Defendant appeals from an order denying his motion to modify the provisions for alimony and maintenance contained in the judgment nisi and denying his application to have visitation with two infant children, seven and ten years old, for two weeks during the summer.
Plaintiff obtained a judgment nisi for divorce dated November 6, 1967 on the ground of desertion. The judgment nisi approved an agreement dated July 7, 1967 for support for the wife and the two children. At the time of the agreement *207 and the judgment nisi, the plaintiff was unemployed. On April 28, 1970 defendant filed a notice of motion to modify the judgment nisi by reducing the alimony and support. The motion also sought visitation for a two-week period during the summer with the children. Affidavits submitted to the court by the parties disclosed that the defendant had remarried and was supporting his second wife who was not employed. Under the terms of the agreement, he was required to pay $514 a month for the support of his first wife and the two children. The plaintiff had been employed during the year 1969, receiving a net income from such employment of $2,177.03. She alleged that she was no longer employed. In 1967 defendant had gross income of $9,005.88. In 1969 he had gross income of $11,737.63. His moving papers showed that his income had dropped substantially in 1970 up to the time of the motion. Both parties set forth their living expenses from which it appeared that neither had sufficient to live on.
When the motion came on for hearing, the Chancery Division recognized that there were diametrically opposed contentions of fact. Rather than holding a plenary hearing, the judge directed that depositions be taken and the matter determined on the affidavits and the depositions. This was error. The court should have set the matter down for a plenary hearing and taken oral testimony. Tancredi v. Tancredi, 101 N.J. Super. 259 (App. Div. 1968). Here the defendant had made a prima facie showing of a change of circumstance. The employment of the plaintiff and the remarriage of the defendant were factors that the court had to consider in determining whether in fact there was such a change of circumstances as to justify a modification of the judgment nisi. Martindell v. Martindell, 21 N.J. 341, 353 (1956); Bartok v. Bartok, 52 N.J. Super. 266 (App. Div. 1958); 11 N.J. Practice (Herr, Marriage, Divorce and Separation) (3d ed. 1963), § 721 at 11. The court properly gave leave to take depositions. Often applications to modify are amicably adjusted after depositions are taken.
*208 Whenever there is presented to the court a motion to modify the terms of a judgment and the motion makes a prima facie showing that the moving party is entitled to relief and there are contested issues of fact, the motion should not be disposed of by affidavits, answers to interrogatories and depositions. There should be a plenary hearing. At the conclusion of the plenary hearing, the trial court must find the facts both subsidiary and ultimate and "state its conclusions of law thereon." R. 1:7-4.
The trial court denied the application for summer visitation because at the time the motion came on for hearing, the defendant was in arrears. The trial court refused to make any modification of the order until the defendant paid the arrears.
In Sarner v. Sarner, 45 N.J. Super. 216 (App. Div. 1957), certif. den. 25 N.J. 103 (1957), this Court stated:
In the absence of exceptional extenuating circumstances, courts are not inclined to hear a litigant who resists or evades the enforcement of its orders until he has satisfactorily settled his default. [45 N.J. Super. at 221-222]
This statement must not be read out of context. It was dicta because in fact the defendant had purged himself of the contempt. In addition, the facts in Sarner were unusual. There the defendant had the ability to comply with the order of the court but refused to do so. In the case before us, as in the majority of cases in which a former husband seeks a modification, there is a factual question as to his ability to comply with the judgment. Except in unusual cases, he should not be barred merely because he is in arrears.
In Traudt v. Traudt, 116 N.J. Eq. 75 (E. & A. 1934), the court stated:
The court of chancery has held that it is an established rule of that court not to relieve a party of his duties under the court's order unless that order is first obeyed (Cooper v. Cooper, 103 N.J. Eq. 416); but the principle rests mainly upon the conception that a party may not at the same time and in the same matter be a suitor before and *209 a contemner of the court. It is grounded in the displeasure of the court at the disobedience of its mandate and is in the interest and for the safety of the public with respect to the due administration of justice. It is not primarily for the particular opposing litigant in whose favor the order stands, and a departure does not of itself give him ground of appeal. It is not error, per se, that the court of chancery, to accomplish equity, should grant relief to a party by modifying an existing order with which, to the last letter, he has not complied. [at 80]
See also Royce v. Royce, 124 N.J. Eq. 469 (E. & A. 1938).
It was error for the trial court to refuse to consider on its merits the defendant's application for modification of the judgment nisi both as to alimony and support and as to visitation.
The right of a father to visitation is not "dependent upon or connected" with his duty to support. Fiore v. Fiore, 49 N.J. Super. 219, 227 (App. Div. 1958), certif. den. 28 N.J. 59 (1958); cf. Lawrence v. Lawrence, 79 N.J. Super. 25, 34 (App. Div. 1963). The agreement between the parties has no binding effect insofar as visitation is concerned. The question is always what is in the best interests of the children no matter what the parties may have agreed to. A request by the father for a two-week uninterrupted summer visitation with the two children is reasonable unless there be an affirmative showing by the mother that it would not be in the best interests of the children.
The order of the Chancery Division dated June 5, 1970, insofar as it denied the defendant's application for a modification of the judgment nisi as to alimony and support and denied the defendant's application for summer visitation, is reversed. The matter is remanded to the Chancery Division for the holding of a plenary hearing on the application for modification of the alimony and maintenance provisions, and a consideration on the merits of the request for summer visitation.
No costs.