144 N.J. Super. 491 (1976)
366 A.2d 354
EDITH T. MUTH CLAYTON, PLAINTIFF,
v.
WILLIAM C. MUTH, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided October 26, 1976.
*492 Mr. Frederick J. Sikora for plaintiff (Messrs. Sachar, Bernstein, Rothberg, Sikora & Mongello, attorneys).
Mr. Vincent K. Loughlin for defendant (Messrs. Johnstone & O'Dwyer, attorneys).
GRIFFIN, J.S.C.
The legal issue presented in this case is the right of the court to consider an upward modification of child support in the face of an agreement between the parties. There has been a substantial change in circumstances which would warrant a modification of a judgment, but the change would probably not reach the unconscionability test mandated by Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971), certif. den. 60 N.J. 139 (1972).
The wife has moved for an increase in child support based on substantially undisputed facts. A 15-year marriage was terminated in May 1970 by a divorce judgment which incorporated an agreement executed a few days earlier. It provided for child support of $15 a week for each of the four children, and alimony of $10 a week. It further required the husband to pay most of the carrying charges on the house, which was to be sold and the proceeds equally *493 divided, upon the remarriage of the wife. Two of the four children are now emancipated. The wife has remarried. The house has been sold. Each received about $15,000. Hence, the husband is now paying $30 a week for the support of two children and has been relieved of alimony and house maintenance costs.
The present state of the law is stated in Wertlake v. Wertlake, 137 N.J. Super. 476 (App. Div. 1975):
While a showing of changed circumstances may warrant the court in modifying an agreement between husband and wife if the changes are such as to convince the court that to enforce the agreement would be unconscionable, "[a] far greater showing of changed circumstances must be made before the court can modify a separation agreement than need be shown to warrant the court amending an order for alimony or support." Furthermore, subsequent events which should have been in contemplation of the parties as possible contingencies when they entered into the contract will not excuse performance. [at 484; citations omitted]
Obviously, the changes in circumstances relied upon here were, or should have been, within the contemplation of the parties. Hence, if the doctrine of Schiff, supra, as summarized in Wertlake, supra, is applicable to child support, this court is powerless to grant relief. The Schiff case involved alimony, not child support.
How has the doctrine been applied when children were involved? The children are not parties to the agreement. To what extent should their rights be affected?
Judge Lane, who decided Schiff, held in Hallberg v. Hallberg, 113 N.J. Super. 205 (App. Div. 1971), that
The agreement between the parties has no binding effect insofar as visitation is concerned. The question is always what is in the best interests of the children no matter what the parties may have agreed to. [at 209]
Nor can an agreement control the issue of custody. Sheehan v. Sheehan, 38 N.J. Super. 120 (App. Div. 1955); S.M. v. S.J., 143 N.J. Super. 379 (Ch. Div. 1976).
*494 If an agreement does not control visitation or custody, it should not control the basic support of the child. The concept of "the best interests of the child" is too strongly ingrained in our law to be subjugated to an agreement to which the children are not parties.
The recent Appellate Division case of Skillman v. Skillman, 136 N.J. Super. 348 (App. Div. 1975), involved an effort to increase alimony and child support in the face of an agreement. The court held:
Where as here, there has been an agreement as to alimony and support voluntarily entered into less than 1 1/2 years prior to the application for modification, the applicant must demonstrate that enforcement of the agreement would be unconscionable and that the changed circumstances relied on were not contingencies that were, or reasonably should have been, foreseeable or contemplated when the agreement was made. Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971), certif. den. 60 N.J. 139 (1972). * * * We see no justification, predicated on the record before us, for an upward adjustment of either alimony or child support or a plenary hearing with respect thereto. [at 351]
The court in Skillman did not find sufficient change to warrant a hearing. Hence, the above quotation may be considered obitur dictum. Both alimony and child support were involved in Skillman. When this is the case, the court should be most reluctant to increase child support in the face of an agreement. But, after seriously considering the agreement, child support alone may be adjusted when the welfare of the child demands it.
Cases are myriad in other jurisdictions permitting modification of child support in the face of an agreement. See 24 Am. Jur.2d, Divorce and Separation, § 841:
An agreement of the parties concerning the amount to be paid as child support is not binding on the court. While the wife may by contract waive her right to periodic alimony, the parties cannot by contract deprive the court of authority to award suitable amounts for the support of minor children. Nevertheless the court may consider the agreement of the parties as some indication of the amount which the father should be required to pay. Indeed, it is said that *495 where the parties have entered into a contract concerning the support of a child there is a presumption, in the absence of evidence to the contrary, that the amount agreed upon is just and reasonable, and the court cannot award more than the agreed amount where there is no evidence of the need for more. [at 954]
And, at § 844:
Even though the circumstances are such that an award of alimony could not be modified, the court may modify an award of child support. And the court has the power to terminate payments of child support and will exercise it in a proper case and upon a proper showing. [at 958]
Further, at § 845:
So too, the court may increase an award for the support of children even though the original award was based on an agreement of the parties. [at 959]
The following quotation from Annotation, 61 A.L.R.3d, § 4 (1975), is a fair statement of the law of most states:
It has been generally held or recognized that a court has the power to grant a prospective modification of a decretal provision for child support by decreasing, suspending, or terminating the allowance, even though the decree was based on an agreement between the parties. [at 671]
The question involved in this case is recognized in Skoloff, New Jersey Family Law Practice (3 ed. 1976), 324:
Whether the rigid standards of Schiff apply to the support of children remains questionable. Without question, the court of equity retains its power to adequately provide for the children.
While Gulick v. Gulick, 113 N.J. Super. 366 (Ch. Div. 1971), was decided before Schiff, the language of Judge Fritz, deserves respect:
I am certain * * * that the conscience of equity will not permit present needs of children to be limited by the agreement of the parents. [at 371]
*496 Hence, although the agreement of the parties should be given great weight, it may be modified, after considering all factors, if the best interests of the child require it.
A hearing is not required as the affidavits raise no material factual issue. Shaw v. Shaw, 138 N.J. Super. 436 (App. Div. 1976). The sole income of the mother consists of $100 a week pendente lite support from her second husband and, for the children, $30 a week from defendant who earns $17,000 a year. Even though the obligation to support rests on both parents, N.J.S.A. 9:2-4; Turney v. Nooney, 21 N.J. Super. 522 (App. Div. 1952), under the present circumstances, support by the husband will be increased to $25 a week for each of the two children.