220 N.J. Super. 46 (1987)
531 A.2d 385
VERENA SCHMIDT, PLAINTIFF,
v.
WOLFGANG SCHMIDT, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided May 13, 1987.
*48 Katherine Houghton (Vaccaro, Osborne, Curran & Murphy) for plaintiff.
Edward Torack (Hook, Torack & Smith) for defendant.
KRAFTE, J.S.C.
Underying this dispute is a motion filed by defendant-husband to vacate an arrears judgment entered against him in the amount of $17,480.00 plus interest. Defendant, relying on N.J.S.A. 9:3-50(a), claims that he is not responsible for said arrears in that his child support obligation was not vested prior to the adoption of his two children by plaintiff-wife's present husband. N.J.S.A. 9:3-50(a) provides:
The entry of a judgment of adoption shall terminate all relationships between the adopted child and his parents and all rights, duties and obligations of any person that are founded upon such relationships, including rights of inheritance under the intestate laws of this State, except such rights as may have vested prior to entry of the judgment of adoption.
Despite the clear language of the statute, plaintiff submits that she is entitled to child support arrears because defendant prevented her from proceeding to enforce a judgment by fraudulently concealing his whereabouts for a period of over thirteen years. Thus, this Court is faced with the question of whether defendant can be equitably estopped from relying on N.J.S.A. 9:3-50(a) in order to seek relief from the judgment for arrearages against him in light of his allegedly fraudulent conduct.
A review of the background, procedural history, and controverted facts is necessary for a complete understanding of this case. The parties were divorced on October 6, 1967. Pursuant *49 to the terms of a court order entered in connection with this matter, defendant was to pay to plaintiff the sum of $40.00 per week for support of the parties' two children.
By motion returnable August 24, 1984, plaintiff sought a judgment in the sum of $17,480.00 plus interest as the amount of arrears unpaid in connection with the divorce judgment. Plaintiff asserted that the last payment defendant made in support of the children was on June 9, 1970. Further, plaintiff maintained that defendant intentionally kept his whereabouts unknown so that she was not able to enforce the terms of the support order after his last payment. As a result of plaintiff's application, a judgment was entered against defendant on August 31, 1984, in the sum of $17,480. together with interest.
By motion returnable June 7, 1985, almost one year after the aforementioned judgment was entered, defendant seeks to set aside the August 31, 1984 order on the grounds of fraud and misrepresentation of facts by plaintiff.
As to defendant's allegations of fraud and misrepresentation of facts by plaintiff, defendant contends that plaintiff herself perpetrated a fraud upon the court when she filed her Notice of Motion seeking support arrears by withholding the fact that the parties' children were adopted by her present husband in 1973, by failing to set forth calculations of arrears and by failing to bring to the court's attention the fact that she received welfare assistance for the support of the children. Plaintiff counters that there was no reason to intentionally withhold the fact that her present husband adopted the parties' children in that the arrearages were calculated only up until the date of the adoption. Thus, the arrearages were accrued from the date defendant ceased payments, June 9, 1970, to the date the children were adopted, October 30, 1978, being a total of 435 weeks at $40.00 per week, or $17,480. plus interest. Plaintiff's position is that the fact that plaintiff received welfare is irrelevant and should not relieve defendant of his support obligation.
As a result of the motion this Court ruled that there was no evidence of fraud or misrepresentation perpetrated by plaintiff *50 to justify vacating the judgment for arrears in light of the fact that the support arrears were calculated to the date of the adoption. Her mere acceptance of welfare is not tantamount to fraud. Thus, defendant failed to carry his burden to prove fraudulent conduct on the part of the plaintiff.
However, the question remains as to whether defendant perpetrated a fraud upon plaintiff by purposefully concealing his whereabouts for some thirteen years in order to thwart plaintiff's efforts to collect support arrears. A plenary hearing was held on February 9, 1987, to resolve this issue.
After hearing the testimony of the parties this Court finds that defendant relocated to New York and Hawaii without informing plaintiff or the Bergen County Probation Department of his change of address although it was his obligation to do so. This Court further finds that from the time he stopped paying support in 1970, thereby forcing plaintiff to collect welfare payments, until plaintiff saw him at the funeral home when his brother died in 1983, defendant deliberately concealed his whereabouts to avoid his support obligations. Moreover, this Court finds that plaintiff made bona fide although unsuccessful attempts to locate defendant during the thirteen year period of his absence through the Legal Aid Society, his employers and his family. Finally, this court finds that plaintiff was unable to obtain a judgment for arrears prior to the adoption of the parties' children by her present husband in that defendant willfully and fraudently concealed his whereabouts from plaintiff and the Bergen County Probation Department.
Fraud is never presumed but must be clearly and convincingly proved through the use of direct or circumstantial evidence by the party who asserts it. Camden Safe Deposit & Co., v. Green, 124 N.J. Eq. 221, 225 (Ch.Div. 1938). To demonstrate fraud in equity actions the proofs must be clear and convincing so as to "demonstrate a high probability ... or a strong probability, or that it is much more probable than not, that there was fraud." Post v. Gerson Bacher, Torrid K-9, *51 Inc., 48 N.J. Super. 518, 521 (App.Div. 1958). Clear and convincing evidence should produce a firm belief or conviction in the mind of the trier of fact as to the truth of the allegations a party seeks to establish. Child v. Child, 8 Utah 2d 261, 268, 332 P.2d 981, 986 (Sup.Ct. 1958) as cited in Aiello v. Knoll Golf Club, 64 N.J. Super. 156, 162 (App.Div. 1960).
In the case sub judice defendant was under a legal duty arising from the relationship of the parties to disclose his address to plaintiff and the Bergen County Probation Department. Failure to disclose a material fact with intent to mislead or defraud is equivalent to "fraudulent concealment". Newell Bros. v. Hanson, 97 Vt. 297, 123 A. 208, 210 (1924).
It is clear, from the testimony and evidence presented, that defendant fraudulently and purposefully concealed his whereabouts for many years in a deliberate effort to avoid his support obligations.
Thus, defendant comes before this court with unclean hands as a result of his fraudulent concealment of his location. It is well settled that the equitable maxim  he who comes into equity must come with clean hands  applies to matrimonial cases. Woodward v. Woodward, 41 N.J. Eq. 224 (Ch. 1886); Shepherd v. Ward, 5 N.J. 92 (1950); Untermann v. Untermann, 19 N.J. 507 (1955) as cited in McCoy v. McCoy, 113 N.J.Super, 591, 592 (Ch.Div. 1971). The doctrine of unclean hands gives expression to the equitable principle that a court should not grant relief to a wrongdoer with respect to the subject matter in suit. Faustin v. Lewis, 85 N.J. 507, 511 (1981). Under similar circumstances, the Appellate Division applying the clean hands doctrine, held that defendant-husband was not entitled to affirmative relief in that he made false and fraudulent representations as to his residence. Bond v. Bond, 36 N.J. Super. 16, 17 (App.Div. 1955). By the same token, this defendant should not be afforded relief from the arrears judgment in light of his fraudulent conduct. The notion of justice requires that defendant be equitably estopped from asserting a right to such relief.
*52 Equitable estoppel embodies the doctrine grounded in equity and justice that one should not be permitted to repudiate an act where the repudiation would work injustice to another who, having the right to do so, has relied thereon. Thermes de la Ley, tit. "Estoppel", cited in Demarest v. Hopper, 22 N.J.L. 599, 619 (E & A. 1850). Estoppel does not require a showing of fraudulent intent providing that the conduct works an unjust or inequitable result. N.J. Suburban Water Co. v. Harrison, 122 N.J.L. 189, 196 (E. & A. 1939) as cited in Widmer v. Township of Mahwah, 151 N.J. Super. 79, 85 (App.Div. 1977).
Here defendant intentionally avoided his support obligations by eliminating all contact with his former wife and children from the time he stopped paying support in 1970 until his appearance at his brother's funeral in 1983. Further, in his testimony at trial, defendant conceded that he did not "remember" informing the Bergen County Probation Department of his change of address since 1970 when he moved to Hawaii. Defendant insists that plaintiff could have obtained his address through his family. However, according to plaintiff, defendant's family repeatedly denied knowledge of his whereabouts. Consequently, plaintiff made continous efforts on her own and with the help of an attorney, to locate defendant while he was living and working in New York and persisted in questioning defendant's relatives, to no avail. As a result of irregular support payments, plaintiff was forced to seek welfare payments from late 1969 until December, 1973, in order to support her two children. However, she persisted in her attempts to discover defendant's whereabouts. In 1983, after reading an obituary for defendant's brother, plaintiff attended the funeral and finally discovered where defendant lived. She subsequently sought legal advice and filed a motion to obtain a judgment for arrears. The judgment was entered on August 31, 1984. Based upon all of the above facts, defendant should be equitably estopped from vacating said judgment in that to allow him to do so under the aforesaid circumstances would lead to an *53 unjust and unconscionable result by permitting defendant to benefit from his fraudulent conduct.
Defendant relies on N.J.S.A. 9:3-50(a) to support his motion to vacate the judgment for arrears. However, one of the primary purposes of the aforementioned adoption statute is to protect adoptive parents from post-adoption disruptions in their relationship with adopted children by natural parents. Matter of Adoption of Children by F, 170 N.J. Super. 419 (Ch.Div. 1979). Thus, permitting the entry of a judgment for arrears after the adoption would not undermine that purpose of the adoption statute.
Defendant further relies on the Superior Court's application of the adoption statute set forth in C v. R, 169 N.J. Super. 168 (Ch.Div. 1979). The Court in C v. R held that the natural parent is required to pay child support arrears providing that the arrears are reduced to a judgment prior to the adoption and are, therefore, vested within the meaning of the statute. Id. at 176. However, C v. R can be distinguished from the instant case in that the natural father in C v. R did not conceal his whereabouts resulting in a thwarting of the custodial parent's attempt to secure a judgment prior to the adoption. A parent who deliberately interferes with the vesting of legal rights of a child by secreting himself for many years should not, in equity, be protected by the statute.
In conclusion, this Court finds that defendant was under a duty to provide an updated address to both plaintiff and the Bergen County Probation Department when he relocated. Instead, he intentionally and fraudulently concealed his whereabouts and never once contacted his children over a thirteen year period. Now defendant is attempting to set aside a judgment for arrears in that said judgment was not obtained prior to the adoption of his children by plaintiff's present husband pursuant to N.J.S.A. 9:3-50(a). The overwhelming evidence indicates that defendant comes before this Court with unclean hands while plaintiff cannot be found to have engaged in any fraudulent conduct. To permit defendant to benefit *54 from his wrongdoing by setting aside the judgment would be inequitable, unjust and contrary to all principles of fairness.
This Court finds that the benefits of N.J.S.A. 9:3-50(a) will be denied an otherwise intended recipient if that recipient has engaged in such conduct which clearly and convincingly has been demonstrated to be fraudulent.
However, this Court's ruling cannot stop there.
In fashioning an appropriate equitable remedy in this case, several peculiar ramifications must be considered. If the parties are left as they are found, plaintiff is in no different position since she has received welfare payments in lieu of support but defendant is unjustly enriched in the amount of $17,480.00. Conversely, if the $17,480.00 is paid to plaintiff, she would receive double payment, a result which also would not be fair and equitable. Therefore, this court directs defendant to pay said monies to the Bergen County Board of Social Services even though they do not have a lien on the arrearages and the Board is directed to accept same.
Judgment entered in favor of the Bergen County Board of Social Services and against defendant in the sum of $17,480.00. Any excess over the sum actually advanced by the Board of Social Services shall be paid over to plaintiff.