221 N.J. Super. 525 (1987)
535 A.2d 32
LUCINDA A. SANTUCCI (NOW MCAVOY), PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
JOHN J. SANTUCCI, DEFENDANT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 26, 1987.
Decided December 22, 1987.
*527 Before Judges O'BRIEN, HAVEY and STERN.
William V. Romano, attorney for appellant-cross-respondent (Nathan J. Smith, on the brief).
Johnson & Johnson, attorneys for respondent-cross-appellant (George W. Johnson, on the brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
In this matrimonial action both parties appeal from an order permitting plaintiff to remove the parties' children from New Jersey to El Salvador and terminating defendant's duty to pay child support. We affirm in part and reverse in part.
The parties were divorced on September 19, 1983. The judgment provided:
A. The parties shall have `joint custody' of the children of the marriage JOHN JOSEPH, JR. and JASON DAVID. `Joint custody' shall be defined as providing each of the parties with equal rights in all decisions regarding the health, education and welfare of the children. The plaintiff-wife shall continue to be the residential-custodial parent of the children and the children shall be domiciled with the plaintiff-wife, subject to liberal and reasonable rights of visitation of the defendant-husband, which shall include overnight, alternate or split holidays, extended summer vacation, school recesses, all as agreed upon between the parties....
The husband was ordered to pay child support of $70 per week commencing in October 1983.
On July 9, 1986 plaintiff married John P. McAvoy (McAvoy) who is employed as a contracting officer for the Agency of International Development. Plaintiff describes her husband as a member of the United States Diplomatic Corps, working out of the U.S. Embassy in San Salvador which is the capital city of El Salvador. McAvoy has been assigned to San Salvador since May 1985. Plaintiff and McAvoy are the parents of a child born in March 1987. Defendant is a police officer in the Borough of Mendham.
In September 1986, defendant moved to enjoin plaintiff from removing the children of the marriage from the State of New *528 Jersey, for physical custody of the children, and to compel plaintiff to pay child support. Plaintiff filed a cross-motion seeking the court's permission to remove the children and to grant her sole custody of the children. On October 24, 1986, the trial judge enjoined plaintiff from removing the children from the State of New Jersey without the consent of defendant or order of the court, based upon a determination that her cross-motion was premature and directing plaintiff to reapply when she desired to leave the State of New Jersey.
In March 1987, plaintiff filed a motion to remove the children from the State of New Jersey and to grant her sole custody. Based upon the parties' certifications and after hearing oral argument, the trial judge entered an order on May 15, 1987 granting plaintiff permission to remove the children to El Salvador. The order provides that defendant shall have visitation with the children for one week during the school Christmas vacation, one week during the school Easter vacation and 60 days during each summer vacation.[1] The order further provided that the cost of transportation shall be paid by plaintiff and terminated defendant's duty to pay child support. The order also provided that the provisions of the order be reviewed one year after its entry upon the application of either party. Both parties appeal.
N.J.S.A. 9:2-2 in pertinent part provides:
When the Superior Court has jurisdiction over the custody and maintenance of the minor children of parents divorced, separated or living separate, and such children are natives of this State, or have resided five years within its limits, they shall not be removed out of its jurisdiction against their own consent, if of suitable age to signify the same, nor while under that age without the consent of both parents, unless the court, upon cause shown, shall otherwise order ...
Both parties agree that the issue is governed by the decision in Cooper v. Cooper, 99 N.J. 42 (1984), which interpreted N.J.S.A. 9:2-2. There, the Supreme Court established guidelines to be followed when a custodial parent seeks permission to *529 remove the children from the State of New Jersey. The custodial parent must first establish (1) that there is a real advantage to that parent in the move, and (2) the move is not inimical to the best interest of the children. Id. at 56. Once the custodial parent establishes these threshold requirements, the court is required to consider, based upon evidence presented by both parties, visitation and other factors to determine whether the custodial parent has sufficient cause to permit removal under N.J.S.A. 9:2-2. The Court established the following factors to be considered: (1) the prospective advantage of the move as either maintaining or improving the general quality of life of both the custodial parent and the children, (2) the integrity of both the custodial parent's motives in seeking to remove the children and the noncustodial parent's motives in seeking to restrain such move, and (3) whether a realistic and reasonable visitation schedule can be reached if the move is allowed. Cooper, supra at 56-57.
Defendant does not dispute the integrity of plaintiff's desire to remove the children to El Salvador and agrees there will be a real advantage to her in the move to join her husband. Similarly, plaintiff does not dispute the integrity of defendant's objection to the move which is based primarily on his concern for the safety of the children in this Central American country which is involved in a civil war. Although defendant refers to the interruption of his regular visitation, he does not dispute plaintiff's contention as to the limited time he has visited with the children nor the necessity on one occasion to compel him to pay support.
Plaintiff readily acknowledges her initial concern about living in El Salvador. However, she asserts that after a visit to that country she was satisfied it would be no less safe than residing in this country. She also points out that, after her move, she will no longer be employed and will be available to care for the children full-time, whereas, defendant, as a police officer engaged in shift work, is obliged to have his parents care for the children during those periods when he is working.
*530 Since defendant has joint custody of the children, it could be argued that this case is distinguishable from the Cooper case where the mother had sole custody of the children. We recognize that joint custody is comprised of two elements, legal custody and physical custody, and that the legal component encompasses the sharing of legal responsibility and authority for all major decisions concerning the child. Beck v. Beck, 86 N.J. 480, 486-487 (1981). While this precise issue has not been addressed in New Jersey, the California courts treat physical custody subject to visitation in a joint custody decree the same as sole custody for removal purposes. See Gantner v. Gantner, 39 Cal.2d 272, 246 P.2d 923 (1952).[2] Although the standard for removal in California is different than New Jersey, we agree with that court that for removal purposes the parent with physical custody should be considered as the custodial parent.
The trial judge carefully reviewed the certifications of the parties and concluded that the move is not inimical to the best interests of the children. He found:
I recognize the agency for independent international development has been around for quite awhile, has probably gained great prominence in the Viet Nam era. I recognize it and I've taken that into consideration, the fact that sometimes these people are targets. I also am aware of the fact that there are combat zones, there are guerrilla activities and there are protective measures taken. There's a risk in everything we do just getting up in the morning. There  I'll concede there's a risk in going there but I don't think it's such that would outweigh the educational process, the fact that the defendant  the plaintiff really, in effect, has to move at this time or her husband is going to have to give up his job. So I think that it's rather clear to me that  I suppose in fairness to Mr. Santucci I could take it and flip it the other way too and say all of the other, all of those criteria are not strong enough, but from what I see in the papers here I think it will be an educational process for the children, and I'm concerned that they keep contact with the father. I think that can be arranged and that's part of the order.
We agree with the trial judge that this is an extremely close question. We cannot disagree with the judge's conclusion that *531 the potential danger is outweighed by the advantage to plaintiff in being able to join her new husband with all of her children, the advantage to the children in having the full-time care and nurture of their mother, who had been awarded physical custody, and also the opportunity to be educated abroad. Furthermore, the trial judge's decision to require the children to visit with their father for one week each at Christmas and Easter, and for 60 days in the summer, will really constitute more opportunity for the children to be exposed to the care and nurture of their father than they enjoyed previously. We therefore affirm the decision to permit removal of the children to El Salvador. We turn then to the cross appeal by plaintiff.
Plaintiff appeals from the portion of the order that requires her to pay transportation for the Christmas and Easter visitations. She argues that if defendant was obliged to pay the transportation for those visitations he may decide to forego them on occasion. More important, plaintiff contends the trial judge should not have terminated child support.
We agree with the trial judge that plaintiff should bear the expense of the children's transportation to visit with their father, since the necessity for that expenditure results from her move to El Salvador. However, in view of the fact that plaintiff is obliged to bear this expense, there was no reason to terminate defendant's obligation to pay a portion of the support of his children during the time they are in the physical custody of their mother. The obligation to support children is the responsibility of both parents. Lepis v. Lepis, 83 N.J. 139, 161 (1980); Ionno v. Ionno, 148 N.J. Super. 259, 261 (App.Div. 1977). Support of children is an ongoing expense. Notwithstanding that the children are in El Salvador except for those periods when they are visiting with their father, the expense of supporting them continues. Defendant has an obligation to bear a share of that expense beyond the period when they are visiting him. The trial judge terminated defendant's obligation to pay child support simply because the children will not be available *532 for visitation while they are in El Salvador. Child support cannot be equated with visitation. Brennan v. Brennan, 187 N.J. Super. 351, 356-357 (App.Div. 1982).
Affirmed as to the removal of the children, but reversed as to the termination of child support which is reinstated, and defendant shall pay the child support ordered in the final judgment of divorce except for those periods when the children are physically with defendant.
NOTES
[1] Defendant was accorded 30 days visitation with the children when plaintiff first left the State of New Jersey.
[2] In the Gantner case the parties had joint legal custody of the children although the wife was given physical custody of the children. While the court did not specifically address any distinction between joint custody and sole custody, it nonetheless entertained and authorized a removal order.