246 N.J. Super. 376 (1990)
587 A.2d 682
DOUGLAS G. RYAN, PLAINTIFF,
v.
SHERYL JO RYAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Morris County.
Decided June 29, 1990.
*377 Sheldon M. Simon, for plaintiff.
Laurence J. Cutler, for defendant.
BOZONELIS, J.S.C.
The present matter was opened to the court on the post-judgment application of defendant, Sheryl Jo (Ryan) Hand, seeking payment from plaintiff, Douglas G. Ryan, of child support *378 arrears, and reimbursement for college costs and orthodontic/oral surgery expenses of the child of the marriage.
The parties were married on January 28, 1961. One child was born of the marriage, Victoria Jean, who has now attained the age of 22 years, graduated college, and plans to marry. Sheryl Jo and Douglas divorced by judgment entered February 7, 1973, incorporating a separation agreement dated August 22, 1972. That agreement provided in pertinent part for plaintiff to pay to defendant wife child support of $262.50 a month, which sum was to increase to $300 a month commencing April 1, 1973. The support was to continue until the child, Victoria Jean, attained 18 years of age, married, served in the Armed Forces of the United States, obtained full-time employment, or was otherwise emancipated. In addition, plaintiff agreed to pay for Victoria Jean's college education, not to exceed four years, and in the event Victoria Jean attended college, her support payments were to continue until she attained 22 years of age or no longer attended college. Further, plaintiff agreed to pay for any orthodontic work or expense of oral surgery for Victoria Jean.
The separation agreement was to be construed under the laws of the State of Virginia. However, the judgment of divorce, incorporating the agreement, specifically disapproved the application of Virginia law as it related to the future needs and welfare of the child. Accordingly, this post-judgment motion is being construed under New Jersey law as the jurisdiction entering the divorce decree and the state of residence of plaintiff.
In support of her application before the court, defendant has filed certifications which state that plaintiff has failed to comply with the judgment of divorce in that he has made little or no child support payments over the last 15 years and defendant computes arrears through December 1989 at $62,400. In addition, defendant states that plaintiff, also in contravention of the judgment of divorce, has not paid college costs advanced by her *379 of $16,439 and orthodontic expenses advanced by her of $5,125 for the child, Victoria Jean. In reply, plaintiff has filed certifications indicating that he was in substantial compliance with child support payments through November 1974. He further states that, as a result of defendant remarrying in August 1974, on or about that time through the beginning of 1975, a verbal agreement was struck between the parties whereby plaintiff would no longer be obligated to pay child support, college or orthodontic/oral surgery expenses in exchange for no visitation or contact by plaintiff with the child, Victoria Jean.

Child Support Arrears.
While the factual basis giving rise to nonpayment of child support by plaintiff is in dispute, undisputed is the fact that no child support payments under the judgment of divorce have been received by defendant for 15 years and defendant has not sought relief from the court to enforce such payments until this application. In this context, despite the passage of a considerable period of time, defendant argues that child support arrears are vested and cannot be modified by this court. Defendant relies upon the recent child support enforcement statute, effective November 21, 1988, which provides, in part, that:
[a]ny payment or installment of an order for child support ... shall be a judgment by operation of law on and after the date it is due. No payment or installment of an order for child support ... shall be retroactively modified by the court except for the period during which the party seeking relief has pending an application for modification.... [N.J.S.A. 2A:17-56.23a.]
Defendant argues that the statute has recently been applied retroactively by Judge Krafte in Harris v. Harris, 235 N.J. Super. 434, 563 A.2d 64 (Ch.Div. 1989) and that Harris is dispositive of the within matter. Prior to the enactment of N.J.S.A. 2A:17-56.23a, the modification or extinguishment of support arrears were matters addressed to the sound discretion of the court and, if support payments were not received for a considerable period of time, equitable considerations determined whether the court would enforce payment. Tancredi v. Tancredi, 101 N.J. Super. 259, 261, 244 A.2d 139 (App.Div. 1968); Dunne *380 v. Dunne, 209 N.J. Super. 559, 572-573, 508 A.2d 273 (App.Div. 1986). This court is now called upon to decide as to child support arrears whether, under the Harris rationale, the child support enforcement statute should be given retroactive application to those cases wherein the payment of support has neither been made, nor sought to be enforced for substantially the entire time the child remained unemancipated, effectively eliminating the Tancredi "equitable considerations" doctrine.
For the reasons stated below, this court determines that such retroactive application does not apply and its decision does not conflict, but may be read in pari materia, with Harris.
In Harris, Judge Krafte, addressed child support arrears under the factual circumstance whereby defendant husband established his obligation to pay some $80,000 of support arrears by written agreement of the parties in May 1986. Moreover, plaintiff wife, on behalf of the children, had attempted, since the time of the agreement, to collect the funds due and owing. In that context, Judge Krafte reviewed the purpose of the child support enforcement statute. In a well-reasoned opinion, he determined that the statute is remedial in nature and should be given retroactive application, citing Gibbons v. Gibbons, 86 N.J. 515, 522-523, 432 A.2d 80 (1981). As Judge Krafte noted, referring to Gibbons, the final inquiry is whether the retroactive application of the child support enforcement statute will result in manifest injustice to the party adversely affected, and if the consequences of retroactive application will be particularly harsh and oppressive. Harris, supra, 235 N.J. Super. at 443-444, 563 A.2d 64. See also In re Kaplan, 178 N.J. Super. 487, 495, 429 A.2d 590 (App.Div. 1981), and Justice Stein's concurrence in Innes v. Innes, 117 N.J. 496, 527, 569 A.2d 770 (1990).
Judge Krafte found in Harris that defendant was represented by counsel at the time that the agreement acknowledging the arrearage was entered, that defendant warranted his then present earnings or earning abilities and "knowingly entered a *381 bargained for and fully negotiated agreement". 235 N.J. Super. at 443, 563 A.2d 64. Those factors are not present in the within matter. Implicit in Judge Krafte's decision is a recognition that the "equitable consideration" doctrine cited in Tancredi, supra, maintains its viability where as herein child support arrears accumulated over 15 years with no effort being made to collect the same. He stated:
Once the purpose of the statute is identified it is of utmost significance to recognize that the $80,000 sought are not the type of functionally dormant arrears addressed in Tancredi v. Tancredi, 101 N.J. Super. 259 [244 A.2d 139] (App.Div. 1968). Here, defendant memorialized his obligation in the agreement of May 1986 and plaintiff, on behalf of the children, has attempted ever since to collect funds due and owing. [Ibid.]
Where "functionally dormant" arrears exist, the court must still apply equitable factors in its determination as to whether child support payments should be enforced. As to the application of such equitable principles, see Prikril v. Prikril, 236 N.J. Super. 49, 51-52, 563 A.2d 1164 (Ch.Div. 1989), considering the child support enforcement statute, and its application to decisional law, but decided on other grounds.
In the within matter, the retroactive application of the child support enforcement statute would produce results particularly harsh and oppressive to plaintiff. Gibbons, supra, 86 N.J. at 522-523, 432 A.2d 80. In lieu thereof, the court will consider the following factors pursuant to Tancredi, supra, 101 N.J. Super. at 262, 244 A.2d 139:
(1) any child support payments made by plaintiff to defendant, how much, and how often;
(2) defendant's ability to support herself since 1974, when she contends defendant terminated his payments;
(3) the present financial status of the parties;
(4) any enforceable agreement which modified or terminated plaintiff's obligation for child support; and
(5) the 15-year period defendant waited before asserting her legal rights to the support arrearage. Also see, in this regard, Liss v. Liss, 19 N.J. Super. 358, 361, 88 A.2d 526 (App.Div. 1952).
*382 Other inquiries for the court's consideration include:
(6) defendant's alleged refusal to cooperate with plaintiff's rights under the judgment of divorce and property settlement agreement, including plaintiff's right of visitation, and defendant being equitably estopped from enforcing the payments sought. Schmidt v. Schmidt, 220 N.J. Super. 46, 51-52, 531 A.2d 385 (Ch.Div. 1987); and
(7) the circumstances surrounding the emancipation of the child. Dunne v. Dunne, 209 N.J. Super. 559, 572, 508 A.2d 273 (Ch.Div. 1986).

Reimbursement of other Expenses.
The recited equitable factors are to be applied not only on the question of child support arrearage, but also as to whether plaintiff continues to be obligated for the reimbursement to defendant of college costs expenses and orthodontic/oral surgery expenses as sought by defendant.
Relevant to the court's inquiry as to the orthodontic/oral surgery expenses would be the additional factors as to the availability of insurance coverage, when and how the expenses were incurred and any consultation regarding the same either through the parties themselves or communicated to the parties through others. Relevant to the court's inquiry as to the college expenses would be the additional factors presented in Newburgh v. Arrigo, 88 N.J. 529, 545, 443 A.2d 1031 (1982) and Weitzman v. Weitzman, 228 N.J. Super. 346, 357, 549 A.2d 888 (App.Div. 1988), certif. den. 114 N.J. 505, 555 A.2d 623 (1989). Although plaintiff herein agreed to bear the college expense cost under the separation agreement, because of the passage of time and defendant undertaking to pay such cost, the factors cited in Newburgh and expanded in Weitzman interrelate with the above factors as to plaintiff's continuing obligation to pay the college expenses. Again, as with the orthodontic/oral surgery expenses, when and how the college expenses were incurred, and whether there was any consultation with respect *383 to the same, either by the parties between themselves, or communicated to the parties through others, are matters for the court's consideration in making its final determination. Equity demands no less where choices have been made in incurring expenses without a contemporaneous request for payment and/or consultation with the payor.

Modifications Relating to Children.
Subsequent to defendant remarrying in August 1974, plaintiff has alleged that a verbal agreement was struck between the parties whereby plaintiff's support obligations terminated in exchange for his having no visitation or contact with the child of the marriage, Victoria Jean. While the parties herein may by agreement, oral or written, modify provisions related to child support, this court has inherent power to review such provisions as they effect the rights and welfare of children and to interpose orders, based upon its review, which may not be abrogated by statute, nor by any agreement between the parties. Wertlake v. Wertlake, 127 N.J. Super. 595, 599, 318 A.2d 446 (Ch.Div. 1974), rev'd on other grounds 137 N.J. Super. 476, 349 A.2d 552 (App.Div. 1975). Agreements by parents have no binding effect as to the welfare of children. Clayton v. Muth, 144 N.J. Super. 491, 493, 366 A.2d 354 (Ch.Div. 1976).
In no area is this more certain than in the circumstance where the failure to pay support by the payor-noncustodial parent is based upon a termination of visitation with the child by the payee-custodial parent. In the best interests of the child, support and the right of visitation cannot be dependent upon or connected with each other. Fiore v. Fiore, 49 N.J. Super. 219, 227, 139 A.2d 414 (App.Div. 1958), certif. den. 28 N.J. 59, 145 A.2d 168 (1958); Wagner v. Wagner, 165 N.J. Super. 553, 556, 398 A.2d 918 (App.Div. 1979); Santucci v. Santucci, 221 N.J. Super. 525, 532, 535 A.2d 32 (App.Div. 1987). As the Appellate Division stated in Hallberg v. Hallberg, 113 N.J. Super. 205, 209, 273 A.2d 389 (App.Div. 1971), in discussing the *384 duty for child support, "[t]he agreement between the parties has no binding effect insofar as visitation is concerned. The question is always what is in the best interests of the children, no matter what the parties have agreed to." Id. at 209, 273 A.2d 389. To the extent that plaintiff herein relies upon a verbal agreement whereby his duty of support was terminated in exchange for no contact with his daughter, Victoria Jean, the same is not binding on this court as contrary to the best interests of Victoria Jean. For the reasons expressed, this conclusion does not prevent plaintiff from presenting the factual circumstances surrounding the claimed agreement in asserting an equitable estoppel argument. See Schmidt, supra, 220 N.J. Super. at 51-52, 531 A.2d 385.

Conclusion.
The certifications of the parties submitted to the court indicate that there is a genuine issue as to the material factors to be determined by the court as set forth herein. Accordingly, this court will require a plenary hearing to render its final decision. The parties shall be entitled to discovery on all the issues presented prior to such hearing. Tancredi, supra, 101 N.J. Super. at 262, 244 A.2d 139; Lepis v. Lepis, 83 N.J. 139, 157-159, 416 A.2d 45 (1980). Defendant's counsel shall submit an order in accordance with this decision. Discovery is to proceed and be completed within the next 60 days. Plenary hearing to follow for the reasons expressed.