**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4416-15T2

JACQALENE NOVAK,

    Plaintiff-Respondent,

v.

KENNETH J. NOVAK,

    Defendant-Appellant.

_____

        Submitted May 17, 2017 — Decided July 17, 2017

        Before Judges Simonelli and Farrington.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part,
        Hunterdon County, Docket No. FM-10-106-06.

        Kenneth J. Novak, appellant pro se.

        Jacqalene Novak, respondent pro se.

PER CURIAM

    In this post-judgment matrimonial matter, defendant Kenneth J. Novak appeals from that part of the April 29, 2016 Family Part order which denied his motion to terminate his obligation to pay 60% of his eldest daughter's college costs based upon a change of his financial circumstances. For the following reasons, we affirm.

The parties were married on April 17, 1993, and divorced on October 3, 2006. Two children were born of the marriage, J.N., born in 1996, and G.N., born in 1999.[1] Although the parties had executed a property settlement agreement, which was incorporated into their final judgment of divorce, it contained no provision for contribution toward the children's college expenses. However, in a March 11, 2011 consent order, defendant agreed to pay 60% of the children's tuition and school expenses and plaintiff agreed to pay 40%, effective for the 2011-2012 school year and going forward. Thereafter, defendant embarked on a crusade to terminate his obligation to pay J.N.'s college costs based on his changed financial circumstances. In each instance, the court denied the motion and enforced the consent order, finding defendant failed to show a change in financial circumstances sufficient to amend the order.

Judge Julie M. Marino heard another motion by defendant concerning his obligation to pay J.N.'s college expenses. In a February 29, 2016 order, the judge found that the records defendant submitted in support of his motion were incomplete and insufficient. The judge concluded that defendant failed to provide evidence reflecting a significant, ongoing change of circumstances

_____

[1] Pursuant to Rule 1:38-3(d), we use initials to protect the identity of the children.

to warrant a modification of prior orders requiring him to pay 60% of J.N.'s college expenses.

Defendant filed yet another motion concerning his obligation to pay J.N.'s college expenses. In an April 29, 2016 order and written statement of reasons, from which defendant appeals, Judge Marino found as follows:

> Defendant brings the same argument he presented before this Court in February 2016. Defendant provides some evidence for his certification of events that have taken p[l]a[]ce which he believes are a change in circumstance. However, he misrepresents his financial situation. Plaintiff presents the [c]ourt with a letter from the Internal Revenue Service dated December 14, 2015 wherein the [d]efendant requests an appeal from a collection due process hearing, evidencing that his tax returns from 2008 until 2013 are or were subject to audit by the IRS. The [c]ourt cannot reasonably rely upon any tax returns [] subject to audit as proof of [d]efendant's income. Therefore, as the [d]efendant has not presented any new evidence not already considered in previous motions or any reliable financial information not subject to audit, the [c]ourt cannot find a change in circumstance that would necessitate a modification of an order entered almost three years ago.

On appeal, defendant contends that he made a threshold showing of a change in his financial circumstances warranting a modification of his obligation to pay 60% of J.N.'s college expenses.

"In our review of a Family Part judge's motion order, we defer to factual findings 'supported by adequate, substantial, credible evidence' in the record." Landers v. Landers, 444 N.J. Super. 315, 319 (app. Div. 2016) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "Reversal is warranted when we conclude a mistake must have been made because the trial court's factual findings are 'manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" Ibid. (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "However, when reviewing legal conclusions, our obligation is different; '[t]o the extent that the trial court's decision constitutes a legal determination, we review it de novo.'" Ibid. (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). Applying these standards, we discern no reason to disturb Judge Marino's ruling.

A parent seeking to modify a child support order must show "'changed circumstances had substantially impaired [the parent's] ability to support himself or herself.'" Foust v. Glaser, 340 N.J. Super. 312, 316 (App. Div. 2001) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)). When considering an application to modify a support obligation, the movant must "make a prima facie showing of changed circumstances warranting relief prior to the court

ordering discovery of the full financial circumstances" of the parties. Dorfman v. Dorfman, 315 N.J. Super. 511, 515 (App. Div. 1998) (citing Lepis, supra, 83 N.J. at 157-59). "If that showing is made, and after receipt of ordered discovery, the judge then determines whether the changed circumstances justify modification. A plenary hearing may be necessary to adjudicate the matter if there are genuine issues of material fact." Ibid. (citing Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968)).

Rule 5:5-4(a) requires that a motion for modification shall be accompanied by a copy of the prior case information statement or statements filed before entry of the order or judgment sought to be modified and a copy of a current case information statement in the form set forth in Appendix V. When seeking to modify a support order, litigants must attach "copies of relevant documents as required by the Case Information Statement, including [their] most recent tax returns with W-2 forms, 1099s and [their] three (3) most recent paystubs." Family Part Case Information Statement, Pressler & Verniero, Current N.J. Court Rules, Appendix V to R. 5:5-4(a) at 1 (2016). "Accurate, complete and current information is essential at every stage of a litigated matrimonial matter. The quality of every judicial decision depends heavily on the information presented to the court". Pressler & Verniero, Current N.J. Court Rules, comment 1 on R. 5:5-2 (2016).

We have considered defendant's contention in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons Judge Marino expressed in her written statement of reasons. We are satisfied that defendant failed to provide accurate, complete, and current information to support his claim of a change in financial circumstances.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4416-15T2