# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3605-16T4

E.M.,

    Plaintiff-Respondent,

v.

K.L.,

    Defendant-Appellant.

_____

        Argued October 17, 2018 – Decided November 1, 2018

        Before Judges Currier and Mayer.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-1049-17.

        Edward Fradkin argued the cause for appellant (Law Offices of Edward Fradkin, LLC, attorneys; Edward Fradkin, of counsel and on the brief).

        E.M., respondent, argued the cause pro se.

PER CURIAM

Defendant K.L.[1] appeals from the entry of a final restraining order (FRO) issued pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to-35. We are constrained to vacate the FRO and remand for a new trial based on several procedural irregularities.

On February 10, 2017, plaintiff obtained a temporary restraining order (TRO) against defendant pursuant to the PDVA. In her TRO application, plaintiff alleged defendant committed the following predicate acts under the PDVA: harassment, N.J.S.A. 2C:33-4, and stalking, N.J.S.A. 2C:12-10.

Two days after the issuance of the TRO, a sheriff's officer served the order on defendant. The TRO advised defendant to appear in court on February 15, 2017. Defendant told the officer he had a trip scheduled to celebrate his birthday and would not be able to appear. According to defendant, the officer told him to call the court to change the date of the FRO hearing. Defendant called a court clerk, who instructed defendant to email his trip documentation to obtain an adjournment of the February 15, 2017 FRO hearing. Defendant did as the court clerk instructed; however, the email was not received by the court, and the matter was not adjourned. Defendant left for his trip believing, erroneously,

---

[1] We use initials to protect the parties' privacy interests in accordance with R. 1:38-3(d)(9).

the FRO hearing had been adjourned. Plaintiff appeared for the FRO hearing on February 15, 2017. Finding defendant received notice of the hearing and failed to appear, the judge conducted a default FRO hearing, heard testimony from plaintiff, and granted the FRO.

On February 15, 2017, defendant contacted the court clerk to confirm the adjournment of the FRO hearing. The clerk advised defendant the email request for an adjournment had not been received, and explained an FRO had been entered based on defendant's non-appearance at the February 15 hearing. The clerk instructed defendant to file a motion for reconsideration. He filed such a motion on February 21, 2017.

The motion for reconsideration was heard by the same judge who granted the FRO. During argument on the motion for reconsideration, conducted on March 13, 2017, defendant explained the events occurring between the date he was served with the TRO and the date he filed the motion for reconsideration. Defendant presented copies of his emails requesting adjournment of the FRO hearing. The judge examined defendant regarding his conversations with the court clerk and his email requests. The judge questioned defendant's credibility and explanation for not appearing at the February 15 hearing. The judge told defendant she had "a very difficult time believing [his] story." Despite her

expressed doubt about defendant's version of events related to the requested adjournment of the FRO hearing, the judge granted defendant's motion and vacated the FRO.  However, in granting the motion to vacate the FRO, the judge stated defendant "misrepresented a couple of things already," but did not elaborate on those misrepresentations.

After granting defendant's reconsideration motion and vacating the original FRO, on the same day, the judge conducted another FRO hearing.[2] Plaintiff and defendant were self-represented at the rehearing.

At the start of the rehearing, the judge apologized to plaintiff for having to sit through another hearing.  It was evident during the rehearing that the judge relied on her own recollection of plaintiff's testimony from the earlier FRO hearing because the judge prompted plaintiff to testify regarding specific dates and events plaintiff did not mention during the second hearing.  As part of the rehearing, the judge also allowed plaintiff to testify regarding hearsay statements made by her mother, stepfather, children, and the local police.  In addition, the judge admitted eighty-seven pages of screenshot text messages, a

---

[2]  Because the judge made statements regarding defendant's credibility during the motion hearing and assessed plaintiff's credibility during the original FRO hearing, the better course would have been to refer the case to a different judge for the rehearing.

police report, and a map drawn by plaintiff without any testimony as to foundation or other bases for the admission of those documents.

Upon the completion of plaintiff's testimony, defendant attempted to cross-examine her. However, the judge stated defendant could not question plaintiff directly and had to do so through the court. While the judge gave defendant the opportunity to cross-examine plaintiff, she interrupted him, directed him to ask the questions through the court, and then redirected defendant to question plaintiff directly.

Because defendant was confused by the court's instructions during the cross-examination of plaintiff, the judge suggested it would be easier and quicker for defendant to testify rather than cross-examine plaintiff. During defendant's direct testimony, the judge interrupted him frequently. While the judge's interruptions included basic questions in an effort to understand defendant's statements, she also questioned defendant's motive and reasoning during his direct testimony.

When defendant sought to introduce evidence, the judge required him to authenticate the documents or present some other basis for admission of the evidence. Defendant was unable to do so, and the judge declined to admit defendant's evidence, including text messages.

A-3605-16T4

After considering the testimony of the parties and the documentary evidence presented by plaintiff, the judge entered the FRO against defendant. The judge's findings in support of the FRO were based on plaintiff's testimony, out-of-court statements by individuals who were not present at the hearing, the police report, and other documents that were not authenticated.

On appeal, defendant, now represented by counsel, argues the trial judge erred by: (1) violating his due process rights; (2) failing to hold an impartial hearing; (3) improperly admitting and relying on hearsay evidence; and (4) failing to adequately place the findings of fact and conclusions of law on the record.

Parties to a domestic violence action are entitled to certain basic procedural due process rights. J.D. v. M.D.F., 207 N.J. 458, 478 (2011). Our Supreme Court has explained that "ordinary due process protections apply in the domestic violence context, notwithstanding the shortened time frames for conducting a final hearing . . . that are imposed by the statute. . . ." Ibid. (internal citations omitted). The Court expressed "ensuring that defendants are not deprived of their due process rights [in a domestic violence matter] requires our trial courts to recognize both what those rights are and how they can be protected consistent with the protective goals of the [PDVA]." Id. at 479.

6 A-3605-16T4

We recognize one of the "essential procedural safeguards" for defendants is the right to cross-examine witnesses. Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005). A trial is a search for the truth, and "'[c]ross-examination is the most effective device known to our trial procedure for seeking the truth.'" Id. at 124 (quoting Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968)). Denying a defendant the opportunity to cross-examine witnesses violates due process. J.D., 207 N.J. at 481 (holding a judge in a domestic violence trial, where the parties are unrepresented and unfamiliar with the proceeding, should exercise "a high degree of patience and care. The pressures of heavy calendars and volatile proceedings may impede the court's willingness to afford much leeway to a party whose testimony may seem disjointed or irrelevant. But the rights of the parties to a full and fair hearing are paramount."). We recognize judges often use informal procedures in domestic violence trials; however, the court must afford the parties an opportunity to cross-examine witnesses or parties. Franklin v. Sloskey, 385 N.J. Super. 534, 543 (App. Div. 2006); Peterson, 374 N.J. Super. at 124–25.

Here, the judge violated defendant's due process rights by failing to give him a fair opportunity to defend against the domestic violence complaint, including the right to cross-examine plaintiff. Since the judge's issuance of the

7

FRO was based on credibility determinations, it was vital that defendant be granted leeway in his cross-examination of plaintiff.

Another procedural misstep resulting in the denial of due process was the judge's admission of hearsay evidence offered by plaintiff without proper foundation testimony. While the judge admitted plaintiff's evidence, she excluded similar evidence sought to be introduced by defendant because he failed to provide a proper foundation for admission of his evidence. Moreover, the judge considered hearsay statements from plaintiff's mother, stepfather, and others in her FRO decision. These procedural lapses collectively deprived defendant of his right to due process in this case.

Defendant also challenges the judge's impartiality during the rehearing. Defendant argues the judge asked him improper questions, posed leading questions to plaintiff to prompt specific testimony in support of the FRO, and failed to treat the parties equally throughout the rehearing.

Judges must "preserve the integrity of the judicial process, even from the appearance of impropriety[,]" when presiding over any adjudication. A.M.C. v. P.B., 447 N.J. Super. 402, 422 (App. Div. 2016). In a bench trial, a judge may examine witnesses to clarify testimony, aid the court's understanding, elicit material facts, and assure the efficient conduct of the trial. State v. Medina, 349

N.J. Super. 108, 131 (App. Div. 2002); N.J.R.E. 614. However, even in a bench trial, "a trial judge must take special care to craft questions in such a manner to avoid being perceived as an advocate for any side of a dispute." L.M.F. v. J.A.F., 421 N.J. Super. 523, 537 (App. Div. 2011).

We acknowledge the self-represented status of the parties often requires a judge to question each pro se party. However, a judge should avoid crossing "that fine line that separates advocacy from impartiality. When that occurs there may be substantial prejudice to the rights of one of the litigants." Ridgewood v. Sreel Inv. Corp., 28 N.J. 121, 132 (1958). While a judge may have to question a pro se party to elicit necessary testimony, "[t]hat should be done in an orderly and predictable fashion . . . and not at the expense of the parties' due process rights." Franklin, 385 N.J. Super. at 543.

Based on the foregoing procedural irregularities, we are satisfied defendant was not afforded due process. Thus, we vacate the FRO, reinstate the TRO, and remand the matter for a new trial. On remand, because the judge made credibility assessments in ruling on the reconsideration motion and issuing the FRO, the case should be assigned to another judge. R. 1:12-1(d); Pressler and Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2019) ("[A] matter remanded after appeal for a new trial should be assigned to a different trial judge

if the first judge had, during the original trial, expressed conclusions regarding witness credibility.").

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3605-16T4