**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5656-17T1

L.S.,

      Plaintiff-Respondent,

v.

M.S.,[1]

      Defendant-Appellant.

_____

      Submitted May 29, 2019 – Decided June 27, 2019

      Before Judges Yannotti and Rothstadt.

      On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0531-13.

      The DiFazio Law Office, attorneys for appellant (Salvatore P. DiFazio, on the brief).

      L.S., respondent pro se (Katherine E. Giusti, on the brief).

---

[1] In this opinion, we use initials to identify the parties because some of the facts discussed are taken from records that are not available for public access. See R. 1:38-3(d).

PER CURIAM

Defendant appeals from an order of the Family Part dated January 31, 2018, which denied his motion to modify his alimony obligation, and an order dated June 25, 2018, which denied his motion for reconsideration of the earlier order. For the reasons that follow, we dismiss the appeal from the trial court's January 31, 2018 order as untimely and affirm the court's order of June 25, 2018.

I.

The parties were married in June 2001, and two children were born of the marriage. Defendant is a physician who operated a private practice and had an interest in a surgery center. Plaintiff also is a medical doctor. Before she married defendant, plaintiff was diagnosed with Bipolar II disorder. From January 2007 to June 2012, plaintiff practiced in the field of bariatric medicine.

After conducting a trial, the Family Part judge placed an oral decision on the record, in which he found, among other things, that plaintiff was capable of earning annual income of $166,000 through December 2013, $185,000 through December 2014, and $210,000 after January 2015. The judge also found that defendant's annual income was $425,000.

The judge awarded plaintiff alimony of $7000 per month from November 27, 2012, through December 31, 2013; $6667 per month from January 1, 2014,

A-5656-17T1

to December 31, 2014; $6000 per month from January 1, 2015, to April 30, 2016; and $4500 per month from May 1, 2016, to May 27, 2020. The judge later memorialized these findings, and decisions on other disputed issues, in an amended supplemental judgment of divorce (JOD) dated May 19, 2016.

Plaintiff appealed and defendant cross-appealed from the JOD. They also appealed from the trial court's order dated December 2, 2016, which denied the parties' motions for a new trial, and granted in part, and denied in part, their applications for other relief. While these appeals were pending, defendant sought a limited remand to allow him to file a motion for modification of his alimony obligation based on changed circumstances. In July 2017, we granted the motion.

On August 22, 2017, defendant filed his motion to modify his alimony obligation and compel plaintiff to pay child support. Defendant claimed that in 2015 and 2016, he had earned considerably less than the $425,000 annual income that the judge found when making the alimony award. Plaintiff opposed the motion and filed a cross-motion seeking to enforce various orders.

On January 31, 2018, the Family Part judge entered an order denying defendant's motion without prejudice. In an accompanying statement of reasons, the judge concluded that defendant had not met his burden of demonstrating a

permanent change in circumstances warranting modification of the alimony award.

On February 20, 2018, defendant filed a motion for reconsideration, and argued the Family Part judge erred by concluding he had not established a prima facie case of changed circumstances. Plaintiff opposed the motion, and filed a cross-motion seeking other relief.

On June 25, 2018, the Family Part judge entered an order, which denied defendant's motion for reconsideration and granted in part, and denied in part, the relief that plaintiff sought. In an accompanying statement of reasons, the judge explained that there was no basis to reconsider his earlier ruling on defendant's motion.

On August 8, 2018, defendant filed a notice of appeal, which stated he was appealing from the trial court's June 25, 2018 order. On August 9, 2018, defendant filed an amended notice of appeal, stating that he was appealing from the trial court's orders of January 31, 2018, and June 25, 2018.

Thereafter, we filed our opinion on the pending appeals, affirming in part, and reversing and remanding in part. L.S. v. M.S., No. A-1639-16 (App. Div. Apr. 17, 2019) (slip op. at 2, 45). Among other things, we rejected both parties' challenges to the alimony award, and found that there was sufficient credible

4

evidence in the record to support the trial court's findings regarding the parties' respective incomes. Id. at 14, 19.

## II.

We first address plaintiff's argument that defendant's appeal should be limited to the trial court's order of June 25, 2018, which denied defendant's motion for reconsideration. Plaintiff contends defendant did not file his appeal from the January 31, 2018 order in the time required by the court rules. We agree.

Rule 2:4-1(a) provides that except for in certain circumstances not applicable here, "appeals from final judgments of courts . . . shall be filed within [forty-five] days of their entry." However, the time to file an appeal is tolled

> [i]n civil actions on an appeal to the Appellate Division by the timely filing and service of a motion to the trial court . . . for rehearing or reconsideration seeking to alter or amend the judgment or order pursuant to R[ule] 4:49-2. The remaining time shall again begin to run from the date of the entry of an order disposing of such a motion.
>
> [R. 2:4-3(e).]

Here, the trial court entered the order denying defendant's motion to modify his alimony payments on January 31, 2018. This order was a final order, appealable as of right under Rule 2:2-3(a)(1), because "it dispose[d] of all issues

as to all parties." See Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 136 (2016) (citing Petersen v. Falzarano, 6 N.J. 447, 452-53 (1951); In re Donohue, 329 N.J. Super. 488, 494 (App. Div. 2000)). Defendant had to appeal that order by March 19, 2018.

However, defendant filed a timely motion for reconsideration on February 20, 2018. This motion tolled the time for defendant to appeal the January 31, 2018 order until the trial court decided the motion. See R. 2:4-3(e). The Family Part judge entered the order denying defendant's motion for reconsideration on June 25, 2018, and defendant's time to appeal again began to run. Defendant had until July 20, 2018, to file a notice of appeal from the January 31, 2018 order.

As stated previously, defendant filed a notice of appeal on August 8, 2018, which stated that he was appealing from the trial court's June 25, 2018 order denying reconsideration. On August 9, 2018, defendant filed an amended notice of appeal, which stated that he was also appealing from the January 31, 2018 order.

Therefore, defendant's appeal from the January 31 order was not filed within the time prescribed by Rule 2:4-1(a). Moreover, defendant never filed a

motion pursuant to Rule 2:4-4(a) to extend the time to appeal. Accordingly, we dismiss defendant's appeal from the January 31, 2018 order as untimely.

III.

Defendant argues the Family Part judge erred by denying his motion for reconsideration. Defendant contends the judge erred by denying his request for a plenary hearing. He maintains he presented the trial court with sufficient evidence to establish that he was earning substantially less than the $425,000 the court attributed to him when it awarded plaintiff alimony. We disagree.

"[R]econsideration is a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Motions for reconsideration should be granted where "either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (first quoting D'Atria, 249 N.J. Super. at 401; and then citing R. 4:49-2).

"An award of alimony for a limited duration may be modified based . . . upon changed circumstances . . . ." N.J.S.A. 2A:34-23(c); see also Lepis v.

Lepis, 83 N.J. 139, 146 (1980). The party seeking modification must make a prima facie showing of changed circumstances and "must demonstrate that changed circumstances have substantially impaired the ability to support himself or herself." Lepis, 83 N.J. at 157.

A prima facie showing means "evidence that, if unrebutted, would sustain a judgment in the proponent's favor." Baures v. Lewis, 167 N.J. 91, 118 (2001). "[T]he changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).

Once the party seeking modification has established a prima facie case of changed circumstances, the Family Part judge can order discovery. See Lepis, 83 N.J. at 157. A plenary hearing is only required where "a party . . . clearly demonstrate[s] the existence of a genuine issue as to a material fact[.]" Id. at 159 (citing Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976); Hallberg v. Hallberg, 113 N.J. Super. 205, 208 (App. Div. 1971); Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968)).

"Whether an alimony award should be modified based upon a claim of changed circumstances rests within a Family Part judge's sound discretion."

A-5656-17T1

Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) (citing Innes v. Innes, 117 N.J. 496, 504 (1990); Storey v. Storey, 373 N.J. Super. 464, 470 (App. Div. 2004); Steneken v. Steneken, 367 N.J. Super. 427, 434 (App. Div. 2004), aff'd as modified, 183 N.J. 290 (2005)). "[E]ach and every motion to modify an alimony obligation 'rests upon its own particular footing and the appellate court must give due recognition to the wide discretion which our law rightly affords to the trial judges who deal with these matters.'" Donnelly v. Donnelly, 405 N.J. Super. 117, 127 (App. Div. 2009) (quoting Larbig, 384 N.J. Super. at 21).

In support of his motion, defendant provided the trial court with copies of his individual federal tax returns for 2015 and 2016. On the 2015 return, defendant reported income of $129,798. Defendant's reported income in 2015 consisted of $79,788 in distributions, which include distributions from the surgery center in which he had an interest, plus $50,000 from his medical practice. Defendant stated in his certification that his total income for 2016 was $159,986, which did not include "passive losses which reduced the reportable income."

Defendant also claimed that because he was in a "desperate financial position," he had to close his medical practice and take a position as a podiatric surgeon with Advocare, LLC. He asserted that in 2017, he received an annual

salary of $200,000 from Advocare, and he provided the court with three paystubs he had received to substantiate that claim. He stated that since he was "a W-2 wage earner" at Advocare, he did not have the opportunity to add certain "perquisites" to his income. Defendant also claimed he received $32,500 in distributions from the surgery center, as shown by a "QuickReports" for the surgical center.

It appears that defendant also submitted to the trial court copies of his former medical practice's 2015 and 2016 tax returns. In addition, in responding to plaintiff's opposition to his motion and her cross-motion, defendant provided the court with copies of two more paystubs from Advocare, a letter from PNC Bank regarding a line of credit, and his individual state tax returns for 2015 and 2016.

The Family Part judge denied defendant's motion because defendant failed to make a full and complete disclosure of his finances. The judge noted that in addressing alimony and other issues in dispute at the previous trial, he struggled to get a complete picture of defendant's finances. The judge pointed out that defendant had been self-employed, had multiple sources of income, had paid his girlfriend an annual salary of $42,000, and kept up with credit card payments, even though he was claiming financial distress.

A-5656-17T1

The judge noted that defendant could have provided the court with copies of his personal bank accounts, demonstrating a lack of funds with which to support himself and the children. He also could have provided his former medical practice's books and records to justify his claim that he had been forced to close the practice. In addition, defendant failed to provide the court with a copy of his employment contract with Advocare. The judge noted that it was unclear whether under that agreement, defendant was "eligible for increases and/or bonuses, and whether he will potentially be limited by any non-compete clause." The judge therefore entered the order dated January 31, 2018, denying defendant's motion to modify the alimony award without prejudice.

When defendant sought reconsideration of the January 31 order, he submitted the following documents to the trial court: (1) a copy of his 2017 K-1 for the surgical center; (2) a letter from the Morris County Prosecutor's Office, dated May 19, 2017, indicating it was not pursuing a criminal action against one of defendant's former employees who allegedly embezzled funds from the practice; (3) the amended complaint in the related civil matter; (4) a notice of motion to amend the divorce judgment, dated June 13, 2016; and (5) a credit report from American Express dated November 8, 2017. In addition, in replying to plaintiff's opposition to his motion, defendant provided the court with an

A-5656-17T1

updated case information statement (CIS), dated April 11, 2018, and screen shots of websites indicating plaintiff was a practicing physician.

Defendant cited six reasons for his motion. He claimed the court erred by: (1) relying on the false assumption that he had not paid court-ordered obligations and stating that this showed a lack of credibility by defendant; (2) concluding the prosecutor's refusal to prosecute the alleged criminal acts of his former employee showed defendant lacked credibility; (3) stating that defendant did not seek reconsideration of the court's JOD; (4) stating that defendant's alimony obligation was $150,000 in arrears; (5) misapplying legal precedent; and (6) failing to schedule discovery and conduct a plenary hearing.

In the statement of reasons appended to the June 25, 2018 order, the judge addressed each claimed basis for reconsideration. The judge emphasized that he had denied defendant's motion due to a lack of evidence to support the claim of a change in defendant's financial circumstances.

The judge noted, however, that although defendant's lack of credibility was not the basis for the court's decision, it had factored into the weight the judge had given to defendant's certification. The judge stated that he "continue[d] to question whether [d]efendant has approached this matrimonial

A-5656-17T1

litigation in good faith[,]" and refused to "take [d]efendant at his word that his decision to close his practice was 'involuntary.'"

The judge also pointed out that while defendant sought reconsideration of the JOD, that application was not before the court when it entered its January 31, 2018 order. The judge noted that defendant's argument only indicated that defendant was dissatisfied with the court's alimony decision, and that was not a basis for reconsideration. In addition, the judge observed that defendant was in arrears in the payment of his alimony obligation, and while defendant claimed the arrears did not total $150,000, defendant should have provided the court with the accurate arrears balance.

The judge stated that he did not know if "the amount [of the arrears] is grossly inaccurate or off by a few thousand dollars." The judge commented that this did not, however, warrant reconsideration of the January 31 order because the court's earlier decision was based on the lack of evidence to support the claim of changed circumstances, and the court's unwillingness to accept defendant's assertion that he closed his former medical practice involuntarily.

The judge also rejected defendant's contention that he had misapplied legal precedent. The judge reaffirmed his earlier determination that discovery

and a plenary hearing was not required because defendant failed to provide an adequate factual basis for his motion.

We are convinced that the record supports the trial court's decision on the reconsideration motion. Defendant had the burden of establishing a prima facie case of changed circumstances in his income, and this change warranted a modification of his alimony obligation. A prima facie showing "requires full disclosure of the [obligor] spouse's financial status, including tax returns." See Lepis, 83 N.J. at 157.

Here, defendant failed to make complete disclosure of material facts concerning his income. Among other things, defendant failed to provide full disclosure of documents and evidence to support his claim that he closed his former medical practice involuntarily. He also failed to provide full disclosure of the terms and conditions of his new employment at Advocare.

Defendant's claim that he established a prima facie case for modification of his alimony obligation lacks sufficient merit to warrant further comment. R. 2:11-3(e)(1)(E). We therefore affirm the trial court's order denying defendant's motion for reconsideration substantially for the reasons stated by the judge in the statement of reasons appended to his June 25, 2018 order.

A-5656-17T1

Defendant's appeal from the trial court's order of January 31, 2018, is dismissed; the trial court's order of June 25, 2018 is affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5656-17T1