**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2569-18T4

MICHAEL CORNETTE,

     Plaintiff-Respondent/
Cross-Appellant,

v.

TRACY CORNETTE,

     Defendant-Appellant/
Cross-Respondent.

_____

     Argued telephonically June 1, 2020 –
     Decided July 17, 2020

     Before Judges Moynihan and Mitterhoff.

     On appeal from the Superior Court of New Jersey,
     Chancery Division, Family Part, Monmouth County,
     Docket No. FM-13-0698-11.

     Marguerite A. Maggs argued the cause for
     appellant/cross-respondent (Amdur Maggs & Shor,
     attorneys; Marguerite A. Maggs, of counsel; Irene Shor
     and Laura Karen Wishart Dugan, on the briefs).

Peter C. Paras argued the cause for respondent/cross-appellant (Paras Apy & Reiss PC, attorneys; Peter C. Paras, on the brief).

PER CURIAM

Following the cessation of limited duration alimony, paid over seven years in $7500 monthly installments as provided in the parties' marital settlement agreement (MSA) and incorporated in their 2011 final judgment of divorce (FJOD), defendant Tracy Cornette moved to enforce the terms of the FJOD and, among other relief, sought an increase in plaintiff Michael Cornette's child support obligation under the MSA requiring monthly payments of $4000 for the parties' three children, the oldest born in 2001 and twins born in 2004. She appeals from the trial court's orders denying her motion, and concomitant motion to reconsider that denial, including her prayers for counsel fees. Plaintiff cross appeals from those portions of the same orders denying his requests for counsel fees and costs. We affirm.

I.

In deciding the first motion, the trial court considered the proofs presented by both parties and found defendant did "not meet a prima facie showing for a financial change in circumstances warranting a modification of child support." The court reasoned plaintiff's child support obligation was based on his annual

income of $450,000 and defendant's $25,000 imputed annual income, and that the alimony award was not factored into that calculation. The cessation of alimony payments, therefore, did not impact on "the financial circumstances . . . upon which the child support was negotiated." The trial court further found that the September 2012 and August 2018 post-judgment case information statements (CIS) defendant submitted in support of her initial motion did "not address any changes in the children's expenses," and showed a $2175 decrease in defendant's expenses from 2012 to 2018. The court concluded defendant "failed to provide any evidence . . . of greater financial need for the children," or "that she [was] even attempting to furnish for the children's greater financial needs," as defendant "certified that she [was] completely broke and [made] absolutely no money." The court denied defendant's request without prejudice.

Our scope of review is limited. A decision to modify child support is reviewed for an abuse of discretion. J.B. v. W.B., 215 N.J. 305, 325-26 (2013). "[W]e accord great deference to discretionary decisions of Family Part [courts]." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012). Moreover, "we do not disturb the factual findings and legal conclusions of the trial [court] unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to

A-2569-18T4

offend the interests of justice," Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Township of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)), and we accord considerable deference to the Family Part's findings of fact because family courts have "special jurisdiction and expertise in family matters[,]" Cesare v. Cesare, 154 N.J. 394, 413 (1998). "[W]e do not pay special deference to its interpretation of the law." D.W. v. R.W., 212 N.J. 232, 245 (2012).

While support orders "may be revised and altered by the court from time to time as circumstances may require," N.J.S.A. 2A:34-23, the party seeking a modification of support has the burden of establishing change warranting modification, Lepis v. Lepis, 83 N.J. 139, 157-58 (1980). That burden to establish a prima facie showing can be met in several ways, including, demonstrating that increased needs and expenses for the children are not met by the support provided in the parties' original agreement, see id. at 157; or by demonstrating that a substantial and non-temporary increase in the income or assets of one or both of the parents requires modification to permit the child to share in the good fortune of both parents, Isaacson v. Isaacson, 348 N.J. Super. 560, 579 (App. Div. 2002); Zazzo v. Zazzo, 245 N.J. Super. 124, 130 (App. Div. 1990). If the moving party makes a prima facie showing of a change in

4

circumstances, discovery, including the non-moving party's financial status, and, if necessary, a hearing to resolve any material factual dispute must follow. Lepis, 83 N.J. at 157-59.

In her merits brief, defendant advances that her proffered proofs met her burden. She argues the cessation of plaintiff's obligation to pay "alimony is a common reason and triggering change[-]of[-]circumstance event for a review of child support that all experienced family law practitioners routinely agree upon," and that her loss of $90,000 in yearly alimony and the attendant increase in plaintiff's "income" is a change of circumstances sufficient to establish a prima facie case. She claims the trial court erred by, "in effect, [inserting] a waiver of Lepis protections" despite the absence of an anti-Lepis clause in the parties' MSA.

Defendant further argues the loss of alimony, combined with the termination of plaintiff's obligation to pay her health insurance premiums, "significantly reduce[d] her budget and lifestyle," and "[a]s a result, the children cannot possibly live anywhere near a similar lifestyle to that which they previously enjoyed and there is a stark difference between [defendant's] and [plaintiff's] households," because the alimony payments had been used to cover

the children's expenses, including housing costs. Defendant contends that the court gave no weight to these facts.

As she did to the trial court, defendant claims plaintiff "lives in [a] waterfront property in Rumson . . . , can afford several international vacations a year, has a boat, a Porsche, and was able to purchase a vacation home in Vermont[.]" Without attribution in her merits brief, she now adds he leases an apartment in New York. Despite admitting in her reply certification that she had "no idea what [p]laintiff [was] earning," she states she "had reason to believe" plaintiff's income increased substantially "based upon comments from friends who were impressed with the alleged contract [he] was able to negotiate with his new employer[.]" Although defendant concedes hearsay proofs are insufficient to establish a prima facie case, defendant asserts those proofs "coupled with indicia of an enhanced lifestyle should warrant a closer inspection," especially considering she cannot access plaintiff's financial information. She states, "[i]f . . . [plaintiff] was now making $1,000,000[] per year, . . . the children should share in this good fortune by increased child support so that they can live a more comfortable lifestyle while with [her]." Defendant contends "the [t]rial [c]ourt overlooked the significant evidence of [plaintiff's] increased lifestyle" in reaching its decision.

6

We fully relcognize when a movant seeks modification of child support, the guiding principle is the "best interests of the children." Id. at 157 (quoting Hallberg v. Hallberg, 113 N.J. Super. 205, 209 (App. Div. 1971)). Generally, "children are entitled to have their needs accord with the current standard of living of both parents, which may reflect an increase in parental good fortune." Isaacson, 348 N.J. Super. at 579. Where the supporting parent is a "high earner[]," id. at 580, one whose income "substantially exceeds the child support guidelines and who . . . can, without dispute, afford any rationally based award of increased child support," ibid., the primary consideration is still "the reasonable needs of the children, which must be addressed in the context of the standard of living of the parties," id. at 581.

We are also cognizant that, in considering the child's needs under these circumstances, "a balance must be struck between reasonable needs . . . while at the same time precluding an inappropriate windfall to the child or . . . infringing on the legitimate right of either parent to determine the appropriate lifestyle of the child." Id. at 582. After a child's basic needs have been met, he or she is "entitled to other non-essential items that are reasonable and in the child's best interest." Ibid.; see Walton v. Visgil, 248 N.J. Super. 642, 650-51 (App. Div. 1991) (providing examples of expenses that may be considered in determining

A-2569-18T4

a child's needs to allow the child to share in his or her parent's financial success). It is important to note "the law is not offended if there is some incidental benefit to the [supported] parent from increased child support payments." Isaacson, 348 N.J. Super. at 584. Courts must be careful, however, to ensure that awarding an increase does not have the effect of allowing a parent to "overreach[] in the name of benefiting [the] child[.]" Id. at 585.

The trial court did not ignore these precepts. It simply found that defendant did not establish a prima facie case that would have allowed discovery and a hearing at which those tenets would be applied. We agree with its decision.

Aside from a few examples of child-related expenses—car insurance, travel-team expenses and a driver's education class—defendant did not provide the trial court with a budget of the children's expenses. Further, defendant's proffers showed a decrease in her expenses from the period shortly after the FJOD was entered and did not adequately address her financial ability to contribute to the children's needs. The trial court, therefore, did not, as defendant contends, effectively insert an anti-Lepis clause in the parties' MSA. The court aptly recognized the child support award did not factor in the limited duration alimony award so its known cessation after seven years was not a

change of circumstances. The trial court simply hewed to the Court's directive in Lepis and its progeny requiring that defendant establish a prima facie case.

Defendant did not submit a pre-judgment CIS; she asserted to the trial court neither party filed a CIS when they divorced. It was incumbent upon her to proffer any other evidence belying that her 2018 expenses decreased, not to rail against the trial court for considering her post-judgment CISs. Moreover, defendant did not delineate the children's expenses in order to meet her burden of showing the children's "needs have increased to an extent for which the original arrangement does not provide." Lepis, 83 N.J. at 157. And, the proofs she submitted, admitting she did not know plaintiff's compensation, did not establish her burden by showing an earnings increase.

The trial court did not rule that a modification was out of the question; it denied defendant's motion without prejudice. We will not deviate from the parameters set by the Court that require her to show a prima facie case before she is entitled to discovery of plaintiff's finances. Contrary to defendant's assertion, that burden is not a heavy one and the information showing what the children's expenses were in 2011 and their current expenses are available to defendant without knowing plaintiff's financial circumstances, as is the information that show her inability to meet the increased costs.

To the extent not addressed, we determine defendant's remaining arguments regarding the denial of her initial motion, including that she is not accorded the same review of child support as if her payments were made through probation, to be without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). Because it was first made in defendant's reply brief, we also reject her argument that there was no meeting of the minds between the parties when the MSA was executed. See Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001) ("Raising an issue for the first time in a reply brief is improper.").

## II.

Defendant did not address the denial of her motion for reconsideration in her merits brief. As such, she waived that argument. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

Nonetheless, we review the denial of a motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J Super. 374, 389 (App. Div. 1996). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449,

467-68 (2012) (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 123 (2007)). Reconsideration is appropriate if "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." <u>Cummings</u>, 295 N.J Super. at 384 (quoting <u>D'Atria v. D'Atria</u>, 242 N.J. Super. 392, 401 (Ch. Div. 1990)); <u>see also</u> <u>Fusco v. Bd. of Educ. of Newark</u>, 349 N.J. Super. 455, 462 (App. Div. 2002).

Defendant reiterates the facts she initially advanced to the trial court and argues the trial court misapplied the law in finding she did not establish a change of circumstances. The trial court again applied the correct legal principles in finding, "based on the proofs submitted by both parties at that time [of the initial motion]," and those submitted to support the reconsideration motion, that defendant did not establish a change of circumstances. We do not see that the court abused its discretion and affirm substantially for the reasons set forth in the court's well-reasoned written decision. Again, defendant did not establish a prima facie case of changed circumstances that would have entitled her to further review by the trial court. Reconsideration is "not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." <u>Palombi v. Palombi</u>, 414 N.J. Super. 274, 288 (App. Div. 2010).

11

Both parties challenge the trial court's denial of their respective motions for counsel fee and costs in connection with the initial motion and the motion for reconsideration. After defendant's initial motion, the court explained that the "parties disagree[d] on certain interpretations of their agreement, but neither party ha[d] shown the other to be willfully contumacious in the eyes of the court." But the court noted some of the trivial matters pursued, concluding "neither party's motivations . . . [were] completely in good faith in the eyes of [the] court." The court considered defendant's CIS and found she had "assets from which to pay her own counsel fees." The court deduced plaintiff had the ability to pay because he did not submit a CIS. The trial court also discerned from the entire record, not just the issues considered here, "[n]either party achieved any particularly substantial results in his or her favor."

After the motion for reconsideration, the court again denied the parties' requests finding defendant did not submit anything to justify reconsideration of the court's earlier decision, and plaintiff did "not submit[] a CIS or any other financial information" evidencing his inability to pay his attorney's fees.

Under N.J.S.A. 2A:34-23, a court may award counsel fees in a matrimonial matter and "shall consider the factors set forth in the court rule on

12                                                                              A-2569-18T4

counsel fees, the financial circumstances of the parties, and the good or bad faith of either party." Our Court Rules provide that a trial court may, in its discretion, award counsel fees in a matrimonial action. R. 5:3-5(c). A court should consider the following factors "[i]n determining the amount of the fee award":

> (1) [T]he financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
>
> [Ibid.]

Defendant argues she is entitled to attorney's fees and costs because she was "forced" to file both motions when plaintiff, despite her attempts "in good faith to address the inequitable financial situation that was about to occur" after her alimony payments terminated, refused to resolve the issue. She also claims plaintiff has the ability to pay for not only his own attorney's fees but hers as well.

Plaintiff filed two detailed certifications of his counsel's services provided in connection with both motions. He contends he should not be penalized for

not filing a CIS, as Lepis did not require that he file one. He contends that both of defendant's motions were devoid of merit.

We "will disturb a trial court's determination on counsel fees only on the 'rarest occasions, and then only because of a clear abuse of discretion.'" J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Reviewing the trial court's decisions, we see no abuse of discretion. See Packard-Bamberger Co. v. Collier, 167 N.J. 427, 444 (2001).

Both parties were intractably entrenched in their respective positions. A seasoned and adept mediator could not fashion an agreement between them. The trial court carefully considered the parties' disagreement and keenly observed that while neither party was contumacious, neither was without blame. The court also concluded that defendant had the ability to pay her counsel's fees based on her CIS. We agree with plaintiff's argument that the trial court should not have determined, because he did not submit a CIS, he had the ability to pay his counsel fees. The trial court, however, in its reconsideration decision based that same finding on the fact that plaintiff did "not submit[] a CIS or any other financial information" evidencing his inability to pay his attorney's fees. (Emphasis added).

Despite the misstep in basing the denial of counsel fees and costs on the initial motion solely on the absence of a CIS that plaintiff was not required to submit, it is clear the trial court based both decisions on the lack of evidence that plaintiff could not pay his own counsel's fees. The trial court considered the ability-to-pay factors, the actions and position of the parties' in advancing their legal and factual positions and the results of the entire process in each of the motions. The court did not abuse its discretion in denying the fee-applications of both parties' in both motions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-2569-18T4