285 N.J. Super. 369 (1995)
666 A.2d 1388
JOHN W. DORING, JR., PLAINTIFF,
v.
ROXANNE DORING, N.K.A., SIGONA, DEFENDANT. MARY CATHERINE IMS, N.K.A., REED, PLAINTIFF,
v.
NICHOLAS SANTANA, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part Atlantic County.
Decided July 27, 1995.
*370 Michael K. McFadden for plaintiff John W. Doring, Jr. (Nugent, Fitzgerald, McGroarty & McFadden, attorneys).
Henry G. Broome, Jr. for defendant Nicholas Santana (Broome & Bellucci, attorneys).
*371 John C. Porto for defendant Roxanne Sigona and plaintiff Mary Catherine Reed (Paul J. Gallagher, County Counsel, Atlantic County Department of Law).
SEGAL, J.S.C.
These matters come before this court on notice of motion filed by the Atlantic County Counsel's Office on behalf of Ms. Roxanne Sigona and Ms. Mary Reed for an increase in child support. The movants are beneficiaries of existing support orders. Both motions have been challenged by the obligors. For purposes of this opinion these cases are consolidated. The issue is whether or not the three-year mandatory review of all Title IV-D child support orders constitutes a prima facie showing of changed circumstances as outlined in Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980).
Sometime in 1994, the Division of Family Development issued to Ms. Sigona and Ms. Reed a notice of right to request a review of their existing support orders in accordance with federal and state law. This legislation provides participants in the IV-D child support program the right of review once every three years. The letters advised that the Division would undertake this review and adjust the support orders in accordance with the New Jersey Child Support Guidelines. Shortly thereafter, each litigant expressed in writing her desire to have her child support reviewed.
The Division then performed an administrative review requesting employment and wage verifications from each party's employer. When this information was obtained, an analysis was performed applying the child support guidelines. An increase in child support was found to be warranted, since there was at least a 20% increase between the award calculated at the review and the existing order. A consent order reflecting the proposed increase was forwarded to each parent. In both cases, the obligors objected to the increase and the cases were forwarded to the Atlantic County Counsel's Office for processing through the court.
*372 County counsel filed a notice of motion in each case on behalf of the obligees seeking an increase in support. On May 1, 1995, the parties presented direct testimony in their respective cases before a hearing officer. The hearing officer determined that a change in circumstances had occurred and recalculated child support based upon the current earnings of each party. Each of the obligors objected to the new order and the cases were scheduled for judicial appeal. The objection in both cases is that neither obligee has demonstrated a sufficient showing of "changed circumstances" on their side of the financial ledger. Thus, neither obligor is required to reveal current income information, and without this income information (already obtained administratively), there is no basis for modification of the support orders according to the guidelines in Lepis.
In 1988, the United States Congress passed the Family Support Act, which imposed a statutory requirement for the periodic review and adjustment of Title IV-D child support orders as found in 42 U.S.C. 666(a)(10). This statute requires that in order for a state to be eligible for federal funding in the Title IV-A and IV-D programs, the state must have in effect laws requiring the periodic review of all Title IV-D child support orders. Specifically, states must have a process to review and adjust Title IV-D child support orders once every three years. The applicable statute (42 U.S.C. 666) provides in pertinent part:
(a) Types of procedures required

In order to satisfy section 654(20)(A) of this title, each State must have in effect laws requiring the use of the following procedures, consistent with this section and with regulations of the Secretary, to increase the effectiveness of the program which the State administers under this part:
(10)(A) Procedures to ensure that, beginning 2 years after October 13, 1988, if the State determines (pursuant to a plan indicating how and when child support orders in effect in the State are to be periodically reviewed and adjusted) that a child support order being enforced under this part should be reviewed, the State must, at the request of either parent subject to the order, or of a State child support enforcement agency, initiate a review of such order, and adjust such order, as appropriate, in accordance with the guidelines established pursuant to Section 667(a) of this title.

*373 (10)(B) Procedures to ensure that, beginning 5 years after October 13, 1988 or such earlier date as the State may select, the State must implement a process for the periodic review and adjustment of child support orders being enforced under this part under which the order is to be reviewed not later than 36 months after the establishment of the order or the most recent review, and adjusted, as appropriate, in accordance with the guidelines established pursuant to section 667(a) of this title unless 
(i) in the case of an order with respect to an individual to whom an assignment under section 602(a)(26) of this title is in effect, the State has determined, in accordance with the regulations of the Secretary, that such a review would not be in the best interests of the child and neither parent has requested a review; and
(ii) in the case of any other order being enforced under this part, neither parent has requested a review.
The criterion for seeking an adjustment after a review is more specifically outlined in 45 C.F.R. 303.8(d) which states:
(d) Basis for seeking adjustment. (1) Inconsistency between the existent child support award amount and the amount of child support which results from application of the State guidelines must be an adequate basis, under State law, for petitioning for an adjustment of an order in a IV-D case, ...
(2) The State may establish a reasonable quantitative standard based upon either a fixed dollar amount or percentage, or both, as a basis for determining whether an inconsistency between the existent child support award amount and the amount of support which results from application of the guidelines is adequate grounds for petitioning for adjustment of the order.
In order to comply with the federal statute, 42 U.S.C.A. 666, New Jersey enacted N.J.S.A. 2A:17-56.9a which provides in part:
At least once every three years all IV-D orders for child support payments shall be subject to review in accordance with the rules promulgated by the IV-D Agency in consultation with the Supreme Court. Such review should take into account any changes in the financial situation or related circumstances of both parties and whether the order of child support is in full compliance with the Child Support Guidelines set forth in the Rules Governing the Courts of the State of New Jersey, R. 5:6A.
The foregoing statute does not differentiate between AFDC and non-AFDC orders. It requires that all IV-D child support orders be subject to the triennial review. Upon completing the review and determining that a change in the amount of child support is warranted (i.e. there is a showing of at least a 20% difference between the amount of the previous award and the proposed award, See N.J.A.C. 10:81-11.21), the State IV-D agency or its designee shall notify the obligor and obligee in writing of the *374 recommended child support amount. Both parties are given not less than 30 days after this notice to file a challenge to such an adjustment with the IV-D agency and the court. If no challenge is forthcoming within the prescribed time or a party fails to show cause why the adjustment should not occur, the child support will be adjusted accordingly.
The advance notice requirement for review and adjustment of child support orders is found at N.J.S.A. 2A:17-56.8, which reads in part:
Every complaint, notice or pleading for the entry or modification of an order of a court entered or modified which includes child support shall include a written notice to the obligor stating that the child support provision of the order shall be enforced by an income withholding upon the current or future income due from the obligor's employer or successor employers and upon the unemployment compensation benefits due the obligor and against debts, income, trust funds, profits or income from any other source due the obligor except as provided in section 3 of P.L. 1981, c. 417 (C.2A:17-56.9). The written notice shall also state that the amount of a IV-D child support order shall be reviewed and updated, as necessary, at least every three years.
In response to the action taken by the New Jersey Legislature, the New Jersey Court Rules were amended to implement N.J.S.A. 2A:17-56.9a. R. 5:6-6 states that "[t]he Probation Division may present to the court any appropriate case being enforced under Title IV-D ... for adjustment of the child support award or the addition of a health insurance provision in accordance with N.J.S.A. 2A:17-56.9a." It further states that "[t]he court shall consider such cases and may modify orders in accordance with the child support guidelines or other relevant factors." R. 5:6-6. Additionally, R. 5:7-4(e) provides that "[o]rders and judgments which include support provisions that are payable through the Probation Division shall include notices ... stating ... that the amount of child support and/or the addition of a health insurance provision in Title IV-D cases shall be subject to review, at least once every three years...."
It is apparent from both the federal and state legislation and the New Jersey court rules, that all Title IV-D child support orders must be reviewed triennially. In the instant cases, notice *375 was sent to the obligor parent as required under law. Ms. Sigona's prior order was entered on April 8, 1991 and Ms. Reed's was entered on March 28, 1989. Each case clearly meets the three year passage of time requirement, which would warrant a review of child support. Relying on Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45, the obligors insist this review is premature, there being nothing but the passage of time given as a basis for the review.
In Lepis, the plaintiff filed a post judgment motion seeking a modification of the support and alimony provisions of a settlement agreement incorporated into the parties' judgment of divorce. In the modification request, plaintiff also sought the production of the defendant's 1976 and 1977 income tax returns prior to a hearing on the modification motion. Relevant to the within issue, Justice Pashman discussed (1) "changed circumstances", and (2) the procedural guidelines to be used by the courts in reviewing a modification petition.
Lepis noted that courts have recognized "changed circumstances" which would warrant a modification of support in a variety of settings and lists a number of examples: "(1.) an increase in the cost of living; (2.) increase or decrease in the supporting spouse's income; (3.) illness, disability or infirmity arising after the original judgment; (4.) the dependent spouse's loss of a house or apartment; (5.) the dependent spouse's cohabitation with another; (6.) subsequent employment by the dependent spouse; and (7.) changes in federal income tax law." Id. at 151 (citations omitted). The Court also noted that "[w]hen children are involved, an increase in their needs  whether occasioned by maturation, the rising cost of living or more unusual events  has been held to justify an increase in support by a financially able parent." Lepis, supra, 83 N.J. at 151, 416 A.2d 45. The passage of time alone is not enough to meet the Lepis standard of "changed circumstances." The moving party must show with *376 particularity what the circumstances were at the time the existing support order was entered and what they are at the present time.
The procedural guidelines established by Lepis require that:
The party seeking modification has the burden of showing such "changed circumstances" as would warrant relief from the support or maintenance provisions involved. Martindell [Martindell], 21 N.J. [341] at 353 [122 A.2d 352 (1956)]. A prima facie showing of changed circumstances must be made before a court will order discovery of an ex-spouses financial status ... When the movant is seeking modification of child support, the guiding principle is the "best interests of the children." See Hallberg v. Hallberg, 113 N.J. Super. 205, 209, 273 A.2d 389 (App.Div. 1971); Clayton v. Muth, 144 N.J. Super. [491] at 493, 366 A.2d 354 [(1976)]. A prima facie showing would then require a demonstration that the child's needs have increased to an extent for which the original arrangement does not provide.
Only after the movant has made this prima facie showing should the respondent's ability to pay become a factor for the court to consider. Therefore, once a prima facie case is established, tax returns or other financial information should be ordered.
[Id., at 157, 416 A.2d 45]
Clearly, the first step in a Lepis analysis places the burden on the moving party to show that circumstances have substantially changed from the time of the entry of the previous order to the present time. Once the movant makes this prima facie showing of "changed circumstances", only then is he/she entitled to the financial information of the respondent. If the movant cannot make this requisite showing, the case will not reach the second step of the analysis and he/she will not be entitled to the exchange of financial information.
The statutory framework established by 42 U.S.C. 666(a)(10)(A) and (B) and N.J.S.A. 2A:17-56.9a works in conjunction with the procedural guidelines set forth in Lepis. Courts are still required to take into consideration other factors which may impact the obligor's ability to pay. The new statutes and rules presume in all Title IV-D support cases that the first step of Lepis is met with a showing that three years has expired since the entry of the previous order. A movant seeking a modification of a IV-D support order is no longer required to demonstrate a "change in circumstances" in order to get the financial information *377 of the responding party. The passage of three years in and of itself is a presumptive change in circumstances which would move the case to the second step of the Lepis analysis and require the parties to exchange financial information. In the instant cases, more than three years have passed since the entry of support orders. Based upon this passage of time, the Division of Family Development followed all of the requisite procedures in reviewing the parties' support orders and attempted to adjust them appropriately. Consistent with the new statute, the obligees no longer have the burden of showing specific "changed circumstances" as they would have in a traditional Lepis case. Since these cases involve Title IV-D support orders, the expiration of three years is a presumptive change in circumstances which warrants a review of support and requires an exchange of financial information.
All current financial information was available to the hearing officer. The court's review reveals that the hearing officer analyzed this information correctly and in each case rendered a valid conclusion regarding support adjustments, increasing both orders. Orders are entered in accordance with the hearing officer's findings.