979 A.2d 332 (2009)
410 N.J. Super. 1
Bertram MARTIN, Plaintiff,
v.
Adrianne MARTIN, Defendant.
DOCKET NO. FM-03-1172-03.
Superior Court of New Jersey, Chancery Division, Family Part, Burlington County.
Decided April 24, 2009.
*333 Bertram Martin, plaintiff pro se.
Dwaine Williamson, for defendant.
HAAS, J.S.C.
This case involves the interpretation of a September 1, 1998 amendment to N.J.S.A. 2A:17-56.9a which has never before been addressed in a published opinion.
The parties were divorced on January 22, 2004, and a dual final judgment of divorce, with a property settlement agreement, was filed on that same date. The parties have two children, W. who was born on November 7, 1991, and V. who was born on July 4, 1993. Under their agreement, the parties shared joint custody of the children and they equally shared parenting time. The parties agreed that neither would pay child support to the other so long as they continued to equally share parenting time.
Plaintiff subsequently began having less parenting time with the children and defendant filed a post-judgment motion to establish child support. A Title IV-D support order was entered on June 24, 2005. Pursuant to this order, plaintiff was required to pay defendant $98 per week in child support. Defendant received a cost-of-living adjustment on May 29, 2007, and plaintiff's support obligation is now $104 per week.
Over three years have passed since the entry of the original order, and defendant has now filed a motion seeking an increase in child support. Before such a request is considered, a party must normally demonstrate that specific and substantial changed circumstances have occurred since the time of the governing order which would warrant a modification of support. Lepis v. Lepis, 83 N.J. 139, 151, 416 A.2d 45 (1980). Defendant is unable to make such a showing here. However, in Doring v. Doring, 285 N.J.Super. 369, 666 A.2d 1388 (Ch.Div.1995), the court held that child support orders are subject to review by a court every three years regardless of whether there has been a change of circumstances since the time of the prior order. As discussed below, this ruling was based upon the pre-1998 amendment version of N.J.S.A. 2A:17-56.9a. Defendant cites Doring and asserts that, because three years have passed since the June 24, 2005 order, she is entitled to have a mandatory court review of child support and discovery of plaintiffs financial information.
As here, the Doring decision is frequently cited in situations where a party is unable to show the type of "changed circumstances" required by Lepis. The problem is that the statute upon which the Doring decision was based, N.J.S.A. 2A:17-56.9a, was amended in 1998 to eliminate the automatic three-year court review provision. Yet, because the 1998 amendment has not been addressed in a subsequent published decision, parties continue *334 to seek the three-year court review of child support orders discussed in Doring.
At the time Doring was decided in 1995, federal law required that, in order for a state to receive federal funding for its Title IV-D child support program, "the state must have in effect laws requiring the periodic review of all Title IV-D child support orders." Id. at 372, 666 A.2d 1388, citing 42 U.S.C.A. § 666. Accordingly, our Legislature had enacted N.J.S.A. 2A:17-56.9a. This statute provided in relevant part:
At least once every three years all IV-D orders for child support payments shall be subject to review in accordance with the rules promulgated by the IV-D Agency in consultation with the Supreme Court. Such review should take into account any changes in the financial situation or related circumstances of both parties and whether the order of child support is in full compliance with the child support guidelines.
Relying upon the clear language of this statute, the Doring court properly found that all child support orders are subject to a triennial review by a court, regardless of whether there has been a change of circumstances since the time of the prior order.
However, after the Doring decision was issued, the Legislature amended the statute. L. 1998, c. 1, (N.J.S.A. 2A:17-56.9a) now provides in relevant part:
At least once every three years, unless the State has developed an automated cost-of-living adjustment program for child support payments, the parties subject to a Title IV-D support order shall be provided notice of their right to request a review, which shall be conducted in accordance with the rules promulgated by the State IV-D agency in consultation with the Supreme Court. Such review shall take into account any changes in the financial situation or related circumstances of both parties and whether the order of child support is in full compliance with the child support guidelines. [Emphasis added.]
On July 10, 1998, the New Jersey Supreme Court adopted Rule 5:6B. This provides that all child support orders entered modified, or enforced after the effective date of this rule [September 1, 1998] shall provide that the child support will be adjusted every two years to reflect the cost of living. This adjustment is based on the consumer price index. Before any adjustment is made, the parties are provided with notice of the proposed adjustment and are given the opportunity to contest the adjustment within thirty days of their receipt of the notice. The rule specifically provides that the parties retain the right to seek a modification of child support orders based on changed circumstances.
Thus, child support orders are no longer subject to automatic court reviews every three years. Instead, the child support amount is automatically adjusted every two years to reflect the cost of living, with each party having an opportunity to contest the adjustment. Pursuant to Rule 5:6B, such contests are limited to situations (1) where an obligor's income has not increased at a rate at least equal to the rate of inflation or (2) where the order itself provides for an alternative periodic cost-of-living adjustment. Otherwise, parties may contest a cost-of-living adjustment or seek a modification of a prior child support order only by showing that such a modification is warranted based upon changed circumstances. The mere passage of time since the entry of the child support order is not a sufficient reason to request that a court review the order or require that the parties exchange financial information.
*335 Applying the 1998 amendment to N.J.S.A. 2A:17-56.9a and Rule 5:6B to the case at hand, defendant's request for a modification of child support based upon the passage of three years since the time of the entry of current child support order will not be considered. Defendant remains eligible for the administrative cost-of-living adjustments afforded to her under Rule 5:6B. However, in order to seek a court review of child support, defendant must establish that there has been a substantial change of circumstances since the time of the last order. Because she has failed to make this necessary showing here, defendant's motion is denied.