**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1277-18T2

KRISTIN COVONE f/k/a
KRISTIN CURRERI,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

PETER CURRERI

      Defendant-Respondent/
      Cross-Appellant.

_____

Submitted January 13, 2020 – Decided  September 22, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0208-03.

Martine, & Katz Scanlon & Schimmel, PA, attorneys for appellant/cross-respondent (Sarah Martine Belfi, of counsel and on the briefs).

Adinolfi, Molotsky, Burick & Falkenstein PA, attorneys for respondent/cross-appellant (Ronald G. Lieberman, on the briefs).

PER CURIAM

In this post-dissolution matter, plaintiff Kristin Covone appeals the provisions in the trial judge's October 10, 2018 order which (1) found that plaintiff had not raised a prima facie claim of changed circumstances warranting modification of child support; (2) denied plaintiff's request to have defendant submit an updated case information statement CIS; and (3) ordered that both parties equally bear certain school-related, extracurricular and extra expenses. The judge also denied both parties' requests for counsel fees and costs. Defendant cross-appeals the judge's denial of his application for legal fees.[1] Having reviewed the record, and in light of the applicable law, we affirm the trial judge's rulings.

We discern the following facts from the record. On June 2, 2001, the parties were married. In 2002, the parties' first and only child, a daughter, was born. The parties divorced on April 29, 2003, and a final judgment of divorce was entered, which incorporated by reference the parties' property settlement agreement (PSA). The PSA established child support obligation for defendant, which the agreement stipulated was calculated using the then-existing New

---

[1] Plaintiff has not appealed the judge's denial of counsel fees as to her.

2

Jersey Child Support Guidelines. The PSA stipulated that the existing arrangement would remain in place until April 16, 2005, after which the parties "may review the then[-]existing child support order for the purpose of recalculating said obligation based upon the then[-]existing circumstances of the parties."

Thereafter, the parties entered consent orders in May 2004 and August 2005 agreeing to modify defendant's child support obligation. The August 2005 order established that defendant's monthly obligation would be $1750.76. Since that time, defendant's monthly child support obligation has risen to $2163 solely to address cost-of-living adjustments (COLAs). Since the parties divorced, both have remarried and now have other children with their respective spouses.

On April 29, 2010, the parties executed an additional consent order, agreeing that a parenting coordinator would be appointed to help them resolve future disputes and to provide recommendations on parenting. In September 2017, the parenting coordinator drafted a consent order for the parties' consideration. The proposal made specific recommendations as to parenting time and an increase in child support payments by defendant. While plaintiff was amenable to the proposed consent order, defendant refused to sign it.

3

On August 1, 2018, plaintiff filed a motion seeking various relief, including that the court require defendant to submit to the terms of the consent order proposed by the parenting coordinator and that defendant be compelled to attend therapy sessions with the parties' daughter with a licensed clinical social worker. Pertinent to this appeal, plaintiff also sought to compel defendant to file an updated CIS and accompanying financial documents with the court, and for the court to require defendant to pay increased child support. Plaintiff argued in her moving papers that because around thirteen years had elapsed since the parties had last revisited defendant's child support obligation, the lapse in time alone was a changed circumstance warranting the court's review of his obligation.

Plaintiff also asked that the court require defendant to contribute toward certain extracurricular, school and extraordinary expenses incurred on behalf of the parties' daughter, based on the parties' income differential. Specifically, these included: "SAT course(s); college application fees and/or visits; tutoring; prom(s); driving lessons; and senior class trip[s]." Plaintiff cited certain lavish purchases made by defendant, including an expensive home and a third car when he was already driving a Maserati. Plaintiff also contended that she was incurring immense costs on behalf of the parties' daughter, and

4

that defendant refused to contribute any amount in excess of his established child support obligation. Finally, plaintiff also requested that the court hold defendant liable for her counsel fees and costs of suit incurred in filing her August 2018 motion because defendant had failed to accept the parenting coordinator's recommendation of increased child support.

On September 13, 2018, defendant cross-moved, asking the court to deny plaintiff's motion in its entirety, and to hold defendant's parenting time with his daughter in abeyance until she participated in and completed therapy on her own. Defendant also requested that the court assess legal fees and costs against plaintiff in favor of defendant, as defendant claimed plaintiff had brought her motion in bad faith without trying to amicably resolve the parties' parenting dispute. Defendant principally argued that plaintiff had not established a prima facie case of changed circumstances warranting modification of his child support obligation, claiming that the passage of time may not alone constitute a change in circumstances. Defendant also highlighted that his obligation had in fact been adjusted based on COLAs.

On September 28, 2018, the trial judge held a hearing on the parties' motions. After requesting supplemental briefs from the parties, the trial judge entered an order on October 10, 2018, addressing both parties' motions. The

5

order both granted and denied certain relief requested by the parties, including granting plaintiff's request that defendant and the parties' child undergo joint therapy, while directing that plaintiff attend the sessions. Relevant to the present appeal are paragraphs six and seven of the order.

Paragraph six of the order denied plaintiff's request that the court order defendant to submit an updated CIS and that the court modify defendant's child support obligation. Relying upon Martin v. Martin, 410 N.J. Super. 1, 4 (Ch. Div. 2009), the judge concluded that "[h]ere the passage of time does not require a recalculation of child support. The matter is the subject of triennial reviews and COLAs." The judge explained that pursuant to N.J.S.A. 2A:17-56.9a and Rule 5:6B, absent a demonstrated change of circumstances, child support orders are subject to automatic adjustment every two years to reflect changes in the cost of living, but that child support orders are no longer subject to automatic review every three years, as our courts had previously held. The judge determined "that plaintiff has failed to make a prima facie showing of changed circumstances (based upon the passage of time) and therefore no

6

further proceedings including financial discovery are required as to child support payments."[2]

While the judge found no change in circumstances existed warranting modification of defendant's child support obligation, considering Loro v. Colliano, 354 N.J. Super. 212, 222-23 (App. Div. 2002), he concluded that "the maturation of [the parties' daughter] necessitates [that] the parties . . . incur additional expenses . . . [that] fall outside of child support." The judge determined that the daughter's status as a high school senior was accompanied with additional expenses that warranted supplementing, but not recalculating, defendant's base child support obligation. Thus, paragraph seven of the judge's order stated plaintiff's request for:

> 7. An [o]rder requiring [d]efendant to contribute towards the child's extra-curricular activities, school, and extraordinary expenses, including but not limited to SAT course(s), college application fees and visits, tutoring, prom(s), driving lessons, and her senior class

---

[2] The judge also considered an argument by plaintiff that the parties could benefit from other dependent deductions (ODD), thereby warranting discovery of the parties' finances. The judge found this argument to be moot because defendant had unequivocally waived his right to take an ODD and because his ODD would only serve to decrease his child support obligation. The judge also concluded that his decision to suspend defendant's parenting time does not warrant a recalculation of child support, as the suspension was likely temporary, and therefore would not be considered a change in circumstances. See Lepis v. Lepis, 83 N.J. 139, 157-58 (1980).

> trip IS GRANTED. Costs to be equally split by both parties. All reimbursable expenses must be reasonable and documented by receipts. Both parties[] must consult with one another regarding expenses of $500[] or more.

The judge's order also denied both parties' requests for counsel fees and costs. Considering the factors enumerated in Rule 5:3-5(c), the judge concluded that it was neither "fair [n]or equitable to award counsel fees to either [party]." The judge concluded that the matter was not the result of bad faith on the part of either party. He explained that plaintiff's motion was not the result of any willful violation of a court order by defendant, and that defendant had not acted in bad faith, as he was within his rights to refuse to consent to the arrangement proposed by the parenting coordinator. The judge conversely held that defendant had nonetheless subjected himself to litigation by refusing to sign the consent order, which was a "foreseeable consequence[] . . . [that] arose through" the judicial process. This appeal ensued, with defendant filing a cross-appeal.

Plaintiff first argues that the trial judge incorrectly concluded that she had failed to raise a prima facie claim of changed circumstances warranting defendant's submission of an updated CIS and modification of defendant's child support obligation. We disagree.

8

Our scope of review of a decision to modify child support is limited, and we review such decisions for an abuse of discretion. J.B. v. W.B., 215 N.J. 305, 325-26 (2013). "[W]e accord great deference to discretionary decisions of Family Part [courts]." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012). Moreover, "we do not disturb the factual findings and legal conclusions of the trial [court] unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice," Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Township of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)), and we accord considerable deference to the Family Part's findings of fact because family courts have "special jurisdiction and expertise in family matters[.]" Cesare v. Cesare, 154 N.J. 394, 413 (1998). "[W]e do not pay special deference to its interpretation of the law." D.W. v. R.W., 212 N.J. 232, 245 (2012).

> While support orders "may be revised and altered by the court from time to time as circumstances may require[,]" N.J.S.A. 2A:34-23, the party seeking a modification of support has the burden of establishing change warranting modification. Lepis v. Lepis, 83 N.J. 139, 157-58 (1980). That burden to establish a prima facie showing can be met in several ways, including demonstrating that increased needs

and expenses for the children are not met by the support provided in the parties' original agreement, see id. at 157; or by demonstrating that a substantial and non-temporary increase in the income or assets of one or both of the parents requires modification to permit the child to share in the good fortune of both parents. Isaacson v. Isaacson, 348 N.J. Super. 560, 579 (App. Div. 2002); Zazzo v. Zazzo, 245 N.J. Super. 124, 130 (App. Div. 1990). If the moving party makes a prima facie showing of a change in circumstances, discovery, including the non-moving party's financial status, and, if necessary, a hearing to resolve any material factual dispute must follow. Lepis, 83 N.J. at 157-59.

We fully recognize when a movant seeks modification of child support, the guiding principle is the "best interests of the children." Id. at 157 (quoting Hallberg v. Hallberg, 113 N.J. Super. 205, 209 (App. Div. 1971)). Generally, "children are entitled to have their needs accord with the current standard of living of both parents, which may reflect an increase in parental good fortune." Isaacson, 348 N.J. Super. at 579. Where the supporting parent is a "high earner[]," id. at 580, one whose income "substantially exceeds the child support guidelines and who . . . can, without dispute, afford any rationally based award of increased child support," ibid., the primary consideration is still "the reasonable needs of the children, which must be addressed in the context of the standard of living of the parties," id. at 581.

10

We are also cognizant that, in considering the child's needs under these circumstances, "a balance must be struck between reasonable needs . . . while at the same time precluding an inappropriate windfall to the child or . . . infringing on the legitimate right of either parent to determine the appropriate lifestyle of the child." Id. at 582. After a child's basic needs have been met, he or she is "entitled to other non-essential items that are reasonable and in the child's best interest." Ibid.; see Walton v. Visgil, 248 N.J. Super. 642, 650-51 (App. Div. 1991) (providing examples of expenses that may be considered in determining a child's needs to allow the child to share in his or her parent's financial success). It is important to note "the law is not offended if there is some incidental benefit to the [supported] parent from increased child support payments." Isaacson, 348 N.J. Super. at 584. Courts must be careful, however, to ensure that awarding an increase does not have the effect of allowing a parent to "overreach[] in the name of benefiting [the] child[.]" Id. at 585.

Here, the trial judge did not ignore these governing precepts. The judge simply found that plaintiff did not establish a prima facie case of changed circumstances that would have permitted discovery and a hearing at which those tenets would be applied. We agree with his decision.

11

Plaintiff's argument that changed circumstances exist because thirteen years had elapsed since the parties last examined defendant's child support obligation is not legally supportable. See Martin, 410 N.J. Super. at 4. Moreover, as the judge found, the "passage of time" argument is adequately addressed by the incremental increases agreed to by the parties to account for COLAs. See R. 5:6B.

We are satisfied the family judge correctly engaged in the requisite analysis of defendant's burden, including his consideration of the factors under N.J.S.A. 2A:34-23(a), and that his findings of fact are supported by sufficient credible evidence. We defer to those findings, and to his specialized knowledge in Family Part matters, see Cesare, 154 N.J. at 413, and are convinced his denial of plaintiff's request for an increase in child support is neither arbitrary, capricious nor unreasonable, see J.B., 215 N.J. at 326.

We also reject plaintiff's argument that the trial judge erred by ordering that the parties share in educational, extracurricular, and extraordinary expenses incurred on behalf of their daughter. In the absence of accurate financial information from either of the parties, the judge exercised his considerable discretion to equitably allocate these expenses, and we see no basis to disturb his decision.

A-1277-18T2

Finally, defendant argues in his cross-appeal that the trial judge abused his discretion by declining to award counsel fees and costs to defendant, as the judge failed to address the factors established in Rule 5:3-5(c) and Williams v. Williams, 59 N.J. 229, 232-34 (1971). We disagree.

Under N.J.S.A. 2A:34-23, a court may award counsel fees in a matrimonial matter and "shall consider the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party." Our Court Rules provide that a trial court may, in its discretion, award counsel fees in a matrimonial action. R. 5:3-5(c). A court should consider the following factors "[i]n determining the amount of the fee award":

> (1) [T]he financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
>
> [Ibid.]

13

We "will disturb a trial court's determination on counsel fees only on the 'rarest occasions, and then only because of a clear abuse of discretion.'" J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Here, we discern no abuse of discretion. Significantly, the judge found that neither party acted in bad faith, and neither party prevailed outright. Although plaintiff was not able to sustain her burden on the issue of changed circumstances, it is clear that defendant is of sufficient means so as not to require plaintiff to pay his attorney's fees.

To the extent we have not addressed any of the parties' remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14