**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0661-20

K.A.A.,[1]

    Plaintiff-Respondent,

v.

G.S.A.,

    Defendant-Appellant.

_____

Submitted October 14, 2021 – Decided December 16, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1580-11.

August J. Landi, attorney for appellant.

K.A.A., respondent pro se.

PER CURIAM

---

[1] We use initials in the caption to protect the privacy of the litigants and preserve the confidentiality of certain records because we discuss some of their financial circumstances. See R. 1:38-3(d)(1).

In this post-judgment matrimonial appeal, defendant G.S.A. argues the motion judge erred in denying his child-support modification motion. Because the motion judge reasonably understood defendant was complaining about cost-of-living adjustments (COLAs) and because he did not abuse his discretion in finding defendant had not sufficiently supported a modification based on a change of circumstance, we affirm.

I.

The record reveals the parties married in 2005; had a son born in 2005, a daughter born in 2008, and a daughter born in 2011; and divorced by way of a June 10, 2011 dual judgment, which incorporated the parties' property settlement agreement (PSA).

The PSA provided for joint legal custody of the children and gave residential custody to plaintiff K.A.A. The parties agreed defendant's "variable income" made it difficult to allocate child-care expenses "to the satisfaction of both parties." Nonetheless, as set forth in the PSA, the parties reached agreement as to defendant's child-support obligation: $3,000 to be paid directly to plaintiff on the fifteenth of each month until the youngest child is emancipated. The parties agreed, "[s]aid amounts shall not be modifiable" by either party.

A-0661-20

Nine years later, defendant filed a motion to "Reset Child Support per Guidelines."  He sought the following relief:

> 1) Finding that the Court has the jurisdictional authority to set Child Support in accordance with the New Jersey Child Support Guidelines . . . .
>
> 2) Requiring that the parties exchange current Case Information Statements within ten days of the date hereof.
>
> 3) Referring the parties to Post-mandatory economic mediation as provided for by the Rules of Court. . . . Mediation shall include deriving an amortization of arrearages schedule, for arrears that have accumulated since March 2020.[2]
>
> 4) Should the parties fail to reach agreement as to the level of Child Support retroactive to the filing date of this Application, on letter request the Court will schedule a Case Management conference to set time frames and discovery in advance of a Plenary Hearing.
>
> 5) Scheduling a Plenary Hearing on the issues raised in movant's application to reduce Child Support.
>
> 6) For such further relief as the Court deems equitable and just.

In a certified statement in support of the motion, defendant complained, "here's the rub":

> [t]he $3,000 monthly payment has been modified!  I now pay $3,346 per month per court order initiated by

---

2  The motion judge found defendant's arrears were $17,422.

A-0661-20

the Probation Department attributable to COLA increases even though Paragraph 6 [of the PSA] utilizes the words "not be modifiable." The [c]ourt did it anyway.

. . . Over the past nine years because of COLA increases I have paid approximately $15,000 over and above $3000 per month.

In a letter brief in support of the motion, defendant complained, "G.S.A. is now required to pay an additional $346 / month attributable to COLA increases" and faulted plaintiff for "never return[ing] any of the COLA increased funds."

In a written order, the motion judge denied defendant's motion, finding "[t]he child support obligation had been increased by way of [COLAs], which occur[] pursuant to operation of law," citing Rule 5:6B, and on notice to the obligor, thereby distinguishing COLAs from a child-support increase sought by a party.

In a written amplification of his decision submitted pursuant to Rule 2:5-1(b) after defendant appealed the order, the motion judge stated, "[a]lthough it may be implied, the notice of motion does not specifically request a modification of child support or a retroactive modification of the child support arrears." The motion judge stated based on defendant's submissions, "[i]t appeared that the defendant primarily relied upon both the passage of time and the [COLAs] as the bases of his requested relief." The judge found: (1) the "mere passage of

4

time . . . [was] not a sufficient reason to request that a court review the [child-support] order or require that the parties exchange financial information," citing Martin v. Martin, 410 N.J. Super. 1, 4 (Ch. Div. 2009); (2) defendant's child-support obligation had been modified by COLAs pursuant to Rule 5:6B, on notice to and with no objection from defendant; and (3) if defendant was seeking to modify his child-support obligations based on a change in circumstance, he had failed to submit a 2011 Case Information Statement and, thus, had not met his burden, pursuant to Lepis v. Lepis, 83 N.J 139, 151 (1980), to demonstrate "specific and substantial changed circumstances" had occurred since the dual judgment was entered. The motion judge faulted defendant for apparently attempting to modify arrears retroactively contrary to N.J.S.A. 2A:17-56.23a.

On this appeal, defendant argues in his counseled brief:

Point I:

THE TRIAL COURT'S ORDER of SEPTEMBER 25, 2020 AND DECEMBER 1, 2020 "AMPLIFICATION OF DECISION" LACK SUFFICIENT FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR APPELLATE REVIEW.

Point II:

THE TRIAL COURT FAILED TO RESOLVE THE ISSUES AND REQUESTS RAISED IN APPELLANT'S POST-JUDGMENT APPLICATION.

[a] APPELLANT & RESPONDENT AGREED THE COURT SHOULD RESOLVE THE CHILD SUPPORT ISSUE ON THE MERITS, RATHER THAN SIMPLY ENFORCE THE NON-MODIFIABILITY PROVISION OF THEIR NINE YEAR OLD PROPERTY SETTLEMENT AGREEMENT:

[1] RESPONDENT's POSITION: "I'M SURE THERE ARE GUIDELINES IN PLACE FOR THIS, THAT CAN PROTECT EVERYONE."

[2] RESPONDENT PROVIDED A CURRENT CASE INFORMATION STATEMENT, REPORTING ANNUAL INCOME OF $147,142 IN 2019, AND YEAR-TO-DATE INCOME OF $65,034.35 THRU 6/30/2020 SO THE COURT COULD ADJUST THE AMOUNT OF CHILD SUPPORT. IF SHE SIMPLY SOUGHT TO ENFORCE THE PSA, THIS INFORMATION WOULD HAVE BEEN SUPERFLUOUS.

[b] THE COURT'S FINDING APPELLANT "DOES NOT SPECIFICALLY REQUEST A MODIFICATION OF CHILD SUPPORT" IS ERRONEOUS AND NOT SUPPORTED BY THE RECORD.

Point III:

UNDER CIRCUMSTANCES WHERE APPELLANT's MORTGAGE REMAINS IN DEFAULT SINCE JANUARY 2020, IT WOULD BE NEITHER FAIR, EQUITABLE NOR JUST TO ARBITRARILY ENFORCE THE PARTIES PSA CLAUSE

6

DECLARING SUPPORT TO BE NON-MODIFIABLE TILL 2029. UNDER SUCH CIRCUMSTANCES WHERE RESPONDENT REPORTS INCOME OF $147,152 IN 2019, AN EXCHANGE OF DISCOVERY, AND MANDATORY ECONOMIC MEDIATION, IS FULLY WARRANTED; FOLLOWED BY A PLENARY HEARING IF SUPPORT ISSUES REMAIN UNRESOLVED.

In her response, submitted pro se, plaintiff makes clear she opposes modification of defendant's child-support obligation, arguing defendant's claim is "premature" given that he lives "a very comfortable lifestyle."

## II.

We "review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We reverse "only when a mistake must have been made because the trial court's factual findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . .'" Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, legal decisions of family part judges are reviewed de novo. Reese v. Weis, 430 N.J. Super. 552, 568 (2013).

A-0661-20

The Family Part has authority under N.J.S.A. 2A:34-23 to modify child-support awards.  Spangenberg, 442 N.J. Super. at 535.  The statute provides child-support orders "may be revised and altered by the court from time to time as circumstances may require."  N.J.S.A. 2A:34-23.  "Our courts have interpreted this statute to require a party who seeks modification to prove 'changed circumstances[.]'"  Spangenberg, 442 N.J. Super. at 536 (alteration in original) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)).  A motion for modification of child support "rests upon its own particular footing and [we] must give due recognition to the wide discretion[,] which our law rightly affords to the trial judges who deal with these matters."  Ibid. (alteration in original) (quoting Martindell v. Martindell, 21 N.J. 341, 355 (1956)).  "While an 'abuse of discretion . . . defies precise definition,' we will not reverse the decision absent a finding the judge's decision 'rested on an impermissible basis[,]' considered 'irrelevant or inappropriate factors[,]'" ibid. (alterations in original) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571-72 (2002)), or "failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence," ibid. (quoting Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004)).

A-0661-20

"[T]he changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations."  Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).  To establish changed circumstances, a "party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief from the support or maintenance provisions involved."  Lepis, 83 N.J. at 157 (quoting Martindell, 21 N.J. at 353).

We agree with the motion judge that defendant's motion was not a paragon of clarity.  Given defendant's repeated references in his motion submissions to the COLAs, we understand why the motion judge focused on them.  And he correctly decided that issue.

Rule 5:6B(a) requires all "judgments that include child support entered . . . on or after September 1, 1998 . . . [to] provide that the child support amount will be adjusted every two years to reflect the cost of living."  That the parties failed to include that language in their PSA and, thus, failed to comply with that requirement does not excuse them from it.  Rule 5:6B(d) provides:

> Before a [COLA] is applied, the parties shall be provided with notice of the proposed adjustment and an opportunity to contest the adjustment within 30 days of the mailing of the notice.  An obligor may contest the

adjustment if the obligor's income has not increased at a rate at least equal to the rate of inflation as measured by the Consumer Price Index or if the order or judgment provides for an alternative periodic [COLA]. A [COLA] shall not impair the right of either parent to apply (1) to the court for a modification of support provisions of the order or judgment based on changed circumstances, or (2) to the State IV-D agency or its designee for a three-year review of a Title IV-D child support order, without the need to show changed circumstances.

Defendant does not deny receiving notice of the COLAs or that he failed to contest them timely. Accordingly, the motion judge correctly declined to modify defendant's child-support obligation based on the COLAs.

Asserting his "personal income is a fraction of what it was" in 2011 because he lost his job in 2019, defendant also apparently contends that a change of circumstance since entry of the dual judgment supports his request for modification of his child-support obligation and argues the non-modification clause of the PSA should not defeat that request.

Defendant admittedly failed to comply with Rule 5:5-4(a)(4), which requires a movant seeking a modification of child support to include both a prior and a current case information statement. See Palombi v. Palombi, 414 N.J. Super. 274, 287-88 (App. Div. 2010). Defendant contends the "typical analysis utilize[d] by the [c]ourt to determine whether there is a threshold showing of

'substantially changed financial circumstances' is not fully applicable in this instance since the record . . . does not contain a financial base line from 2011 . . . ."  He faults the motion judge for not requiring parties to produce "Social Security Wage Earning Statements for 2010 through 2019."  Of course, he could have included in his motion his statements for those years to support the motion but didn't.  Based on the motion record and admitted lack of support defendant provided for his change-of-circumstances claim, we see no abuse of discretion in the motion judge's denial of defendant's motion.

Defendant's remaining arguments lack sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We note defendant appears to fault the motion judge for "arbitrarily enforc[ing] the parties' PSA clause declaring support to be non-modifiable."  The judge made no such ruling but merely commented on defendant's conflicting positions:  "[h]e requests that the court retroactively vacate the COLAs because of PSA language that neither party will seek to modify the child support obligation, while requesting that the court modify his prospective child support obligation."

For the reasons set forth above, we affirm.  Our affirmance of the denial of this motion does not preclude defendant from filing a new, properly supported

A-0661-20

motion for modification pursuant to <u>Rule</u> 5:5-4(a)(4), clearly stating the relief

sought pursuant to <u>Rule</u> 1:6-2(a).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

12